Decided at Pendleton, July 20, 1895.

## McFERREN *v.* UMATILLA COUNTY.

[40 Pac. 1013.]

27 311
45 97

1. Statutory Construction.—Statutes creating a liability where none would otherwise exist are to be strictly construed.

2. Defective Roads and Bridges—Jurisdiction of Justice's Courts under Laws, 1893, page 141.— The act of eighteen hundred and ninety-three, (Laws, 1893, page 141,) providing for the recovery from counties of compensatory damages by persons injured in consequence of defective county roads or bridges, "by an action in the circuit court of such county, or in a justice's court therein if the amount of damages sued for be less than one thousand dollars," gives a remedy in the circuit court for compensatory damages commensurate with the injury sustained, regardless of amount, or a like remedy in the justice's court for any amount less than a thousand dollars.

Appeal from Umatilla: James A. Fee, Judge.

This is an action by Laurena A. McFerren against Umatilla County to recover damages for injuries to the plaintiff, caused by defects in a bridge upon a public highway under the control of defendant, from which she was precipitated while lawfully traveling thereon with a team and wagon, which bridge, it is alleged, was, at the time of the accident, out of repair, and in a dangerous and unsafe condition, and suffered to become and remain so through the gross carelessness and neglect of the defendant county. The plaintiff prays judgment for the sum of ten thousand dollars, the further sum of three hundred and sixty-five dollars, and for costs and disbursements. The case comes here upon a demurrer to the complaint, which was sustained by the court below, and the plaintiff appeals. Reversed.

For appellant there was a brief by *Messrs. Hailey and Lowell,* and an oral argument by *Mr. Stephen A. Lowell.*

For respondent there was a brief by *Messrs. Bailey, Balleray and Redfield,* and an oral argument by *Mr. J. J. Balleray.*

Opinion by Mr. Justice Wolverton.

1. The only question involved is the construction of an act entitled "An act to make counties liable for loss or damage sustained in consequence of defective and dangerous county roads and bridges": Laws, 1893, page 141. It reads as follows: "Section 1. Whenever any individual, while lawfully traveling upon any highway of this state, the same being a legal county road, shall, without contributory negligence on his part, and not having been warned of the defect or danger by notice or otherwise, sustain any loss, damage, or injury, in consequence of the defective and dangerous character of such road or bridge, either to his property or person, he shall be entitled to recover compensatory damages therefor off the county in which such loss, damage, or injury occurred, by an action in the circuit court of such county, or in a justice's court therein if the amount of damages sued for be less than one thousand ($1,000) dollars." This statute imposes a new liability upon the counties of the state, and should, therefore, receive a strict construction: Elliott on Roads and Streets, 324. Such is the rule for the construction of statutes creating a liability where otherwise none would exist: Sutherland on Statutory Construction, § 371. The primary purpose of this statute is without doubt to give a remedy against the county for injuries sustained upon the public highways over which it has supervision and control. This much is clear, and that the statute has effected this purpose is also clear. But the extent and manner of enforcing the remedy is left in some doubt by reason of the inapt use

of words and syntax of expression. It is always a legitimate inference, where a remedy is provided, that the legislature intended it should be adequate, unless limited, qualified, or controlled. by apt and appropriate words. The word "compensatory," as used in this act, was evidently employed as a limitation, whereby the county is protected from the recovery of any damages for such injuries, of a punitive or exemplary character. Further than this we are unable to see that this word is of controlling force, except as it may indicate in some measure the legislative intent in the use of the language employed in the latter clauses of the act, viz., "by an action in the circuit court of such county, or in a justice's court therein if the amount of damages sued for be less than one thousand ($1,000) dollars." Without these latter clauses the remedy would undoubtedly have been adequate for the recovery of compensatory damages commensurate with the injury sustained.

2. We are now to discover what the legislature meant by the use of these latter expressions of its will. The legislative intent can only be derived from the words and language employed in the act itself, and we cannot speculate beyond the reasonable import thereof. The spirit of the act must be extracted from its several provisions, and not from conjectures *aliunde: Gardner* v. *Collins,* 2 Pet. *93; *Tynan* v. *Walker,* 35 Cal. 642; Sutherland on Statutory Construction, § 236. And, as has been concisely stated by Parke, B., in *Becke* v. *Smith,* 2 Mees. and W. 194, "It is a very useful rule in the construction of a statute to adhere to the ordinary meaning of the words used, and to the grammatical construction, unless that is at variance with the intention of the legislature, to be collected from the the statute itself, or leads to any manifest absurdity or repugnance, in which case the language may be varied or modified so as to avoid such inconvenience, but no

further." It is contended for this act that it limits the amount of recovery to one thousand dollars in any case, and that the jurisdict on of the justice's court is not thereby enlarged. That is to say, damages may be recovered in a jus-ice's court for such injury to the extent of two hundred and fifty dollars, the limit of its jurisdiction in ordinary cases, and the jurisdiction of the circuit court is circumscribed so as to limit the amount of recovery to a sum less than one thousand dollars. This result counsel would accomplish by eliminating in effect the words, "by an action in the circuit court of such county, or in a justice's court therein," from the statute. Except as to the enlargement of the jurisdiction of justice's court in the action, the same result would follow from a transposition of the latter clauses of the act so as to read as follows: "Shall be entitled to recover compensatory damages therefor off the county in which such loss, damage, or injury accrued, if the amount sued for be less than one thousand dollars, by an action in the circuit court of such county or in a justice's court therein." But we cannot eliminate these words without doing violence to the act itself, nor can we transpose them unless their present position renders the sense absurd, or clearly without the intention of the legislature as gathered from a consideration of the whole act. The statute has enlarged the jurisdiction of justices' courts in this particular without question. The language employed refutes the presumption which ordinarily prevails against the intention of the legislature to increase the jurisdiction of inferior tribunals. Upon the other hand, the presumption against limiting the powers of a court of general jurisdiction subsists as an element in the construction of this statute. The language and grammatical arrangement of the words and phrases used, when read in the order in which they appear in the act. does not

render the law absurd or nonsensical, however peculiar and strange the particular combination may seem. The literal and natural reading of the act clearly indicates that the legislature intended to give a remedy for compensatory damages commensurate with the injury sustained, to be recovered by an action in the circuit court of the county, and to enlarge the jurisdiction of justices' courts in this class of cases so that compensatory damages for any sum less than one thousand dollars could be recovered therein. We cannot see that any other intention is manifest, and therefore conclude that such is the effect of the act. "To warrant the change of sense, according to the natural reading, to accommodate it to the broader or narrower import of the act, the intention of the legislature must be clear and manifest": Sutherland on Statutory Construction, § 241; *Holbrook* v. *Holbrook,* 1 Pick. 250. The judgment of the court below will be reversed and the cause remanded.

REVERSED.

Decided at PENDLETON, July 20, 1895.