Argued 30 March, decided 16 May, 1904.

### SCHROEDER *v.* MULTNOMAH COUNTY.

[76 Pac. 772.]

LIABILITY OF COUNTY FOR INJURY FROM DEFECT IN HIGHWAY.

1. Unless made so by statute, a county is not liable for injuries resulting from defects in public highways, even though it is required to keep the highway in repair and is given power to provide money for that purpose.

STATUTORY LIABILITY OF COUNTY FOR DEFECTIVE HIGHWAY.

2. The legislative act imposing upon counties a liability for injuries received by reason of defective public roads or bridges (Laws 1903, pp. 262, 280, § 59,) applies only to legal county roads.

CITY BRIDGE NOT A LEGAL COUNTY ROAD.

3. The streets of a city, in which term is included bridges connecting streets, are not included in the expression "a legal county road," used in the statute imposing a liability on counties for injuries resulting from defects in such roads (Laws 1893, p. 141, § 1, now Section 4781, B. & C. Comp.), even though the duty of caring for such streets or bridges may have been placed upon the county.

From Multnomah: JOHN B. CLELAND, Judge.

Action of damages by Catherine Schroeder against Multnomah County for injuries received by her through the breaking of the footway on the Morrison-street Bridge in Portland. A demurrer to the complaint was sustained and plaintiff appeals.        AFFIRMED.

For appellant there was an oral argument by *Mr. Thomas O'Day* and *Mr. Otto J. Kraemer*, with a brief over the names of *Charles J. Schnabel, Victor K. Strode, Wilson T. Hume, Thomas O'Day, Schuyler C. Spencer, Walter G. Hayes, Otto J. Kraemer, Daniel J. Malarkey, William M. Davis*, and *Mark O'Neil* to this effect.

I. If a bridge over the Willamette River in Portland is under the exclusive management, control, and supervision of Multnomah County, and used by it as a thoroughfare for street cars, teams, wagons, foot passengers, and general highway purposes, it is a highway of the State and a legal county road: *Follmer* v. *Nuckolls County,* 6 Neb. 210; *Pittsburg & W. E. Pass. Ry. Co.* v. *Point Bridge Co.* 165 Pa. 37, 43 (26 L. R. A. 323, 30 Atl. 511); *Larue* v. *Oil City St. Pass. Ry. Co.* 170 Pa. 249 (32 Atl. 977); *Burridge* v. *City of Detroit,* 117 Mich. 557 (72 Am. St. Rep. 582, 42 L. R. A. 648, 76 N. W. 84); *City of Chicago* v. *Powers,* 42 Ill. 169 (89 Am. Dec. 418); *City of Goshen* v. *Myers,* 119 Ind. 196 (2 N. E. 657); *City of Eudora* v. *Miller,* 30 Kan. 494; *Jones* v. *Keith,* 37 Tex. 394 (14 Am. Rep. 382); *Commonwealth* v. *Central Bridge Corp.* 66 Mass. (12 Cush.) 242, 244; *Simon* v. *Northup,* 27 Or. 487 (30 L. R. A. 171, 40 Pac. 560); *Brand* v. *Multnomah County,* 38 Or. 79, 97 (84 Am. St. Rep. 772, 50 L. R. A. 389, 60 Pac. 390, 62 Pac. 209); Elliott, Roads and Sts. § 28.

II. Even though joined at each end by a street of the City of Portland, it is nevertheless a county road: *Bell* v. *Foutch,* 21 Iowa, 119; *Skinner* v. *Henderson,* 26 Fla. 121 (8 L. R. A. 55, 7 So. 464).

III. The county is liable under the statute for injuries received on defective roads: Laws 1903, pp. 262, 280, § 59.

IV. A county under the circumstances stated in the complaint would be liable in damages at common law without such a statute as the one cited: *House* v. *Board of Comrs.* 60. Ind. 580 (28 Am. Rep. 657); *State, ex rel.* v. *Board of Comrs.* 80 Ind. 478 (41 Am. Rep. 821); *Board of Comrs.* v. *Pritchett,* 85 Ind. 68; *Vaught* v. *Board of Comrs.* 101 Ind. 123; *Board of Comrs.* v. *Rickel,* 106 Ind. 501 (7 N. E. 220); *Board of Comrs.* v. *Montgomery,* 109 Ind. 69 (9 N. E. 590); *City of Goshen* v. *Myers,* 119 Ind. 196 (21 N. E. 657); *Board of Comrs.* v. *Blair,* 8 Ind. App. 574; *County Comrs.*

v. *Duckett*, 20 Md. 468 (83 Am. Dec. 557); *County Comrs.*
v. *Gibson*, 36 Md. 235; *County Comrs.* v. *Baker*, 44 Md. 1;
*Eyler* v. *County Comrs.* 49 Md. 257 (33 Am. Rep. 249);
*County Comrs.* v. *Burgess,* 61 Md. 29 (48 Am. Rep. 88);
*Kennedy* v. *County Comrs.* 69 Md. 65 (14 Atl. 524); *Brown*
v. *Jefferson County,* 16 Iowa, 339; *Krause* v. *Davis County,*
44 Iowa, 141; *Ferguson* v. *Davis County,* 57 Iowa, 601 (10
N. W. 906); *Huff* v. *Powesheik County,* 60 Iowa, 529 (15
N. W. 418); *Roby* v. *Appanoose County,* 63 Iowa, 113 (18
N. W. 711); *Cooper* v. *Mills County,* 69 Iowa, 350 (28 N. W.
633); *Weirs* v. *Jones County,* 80 Iowa, 151 (20 Am. St. Rep.
411, 45 N. W. 883); *Humphreys* v. *Armstrong County,* 56
Pa. 204; *Shadler* v. *Blair County,* 136 Pa. 488 (20 Atl. 539).

V. A county voluntarily performing a certain act occu-
pies the same attitude as a private corporation in respect to
an action for damages, and it makes no difference in point of
principle whether a special duty is imposed with its con-
sent, express or implied, or whether it voluntarily assumed
the performance of that which, if imposed by the legis-
lature, becomes a special duty: *Hannon* v. *County of St.
Louis,* 66 Mo. 313.

For respondent there was an oral argument by *Mr. Chas.
H. Carey,* with a brief over the names of *John Manning,*
District Attorney, and *Carey & Mays,* to this effect.

(1) The Morrison-street Bridge is in a certain sense a
public highway, but is not, nor is Morrison Street, a "legal
county road" within the meaning of the statute: Laws
1903, pp. 262, 280, § 59; Laws 1893, p. 141 (2 B. & C. Comp.
§ 4781).

(2) The special act under which the City of Portland
acquired the bridge imposes the duty on the county to
maintain and repair, but does not create a county road,
(which could not be done under the constitution by spe-
cial act,) or provide a remedy in case of failure to repair:

Laws 1891, p. 633; Laws 1893, p. 799; Laws 1895, p. 421.

(3) The duty to repair is not by reason of the general duty to repair a bridge in a county road, but by the special act, which is unconstitutional if it relates to a county road or the general highway system of the State: 1 B. & C. Comp. § 912; *Simon* v. *Northup*, 27 Or. 498 (30 L. R. A. 171, 40 Pac. 560).

(4) Morrison and East Morrison streets in the City of Portland are not county roads, and the bridge is not a county road: Elliott, Roads and Sts., p. 313; *Heiple* v. *East Portland*, 13 Or. 97 (8 Pac. 90); *East Portland* v. *Multnomah County*, 6 Or. 62.

MR. JUSTICE BEAN delivered the opinion of the court.

This is an action against Multnomah County to recover damages for an injury received by the plaintiff on account of a defect in Morrison-street Bridge, alleged to have been due to the negligence of the defendant county, its officers and agents. Morrison-street Bridge spans the Willamette River in the City of Portland, and connects the streets on either side, making them a continuous public highway. The bridge was originally built and operated by a private corporation as a toll bridge, but in 1895 the legislature passed an act "to authorize the City of Portland" to acquire it by purchase or condemnation, a committee being designated to make the purchase, and authorized to issue and dispose of the bonds of the city for that purpose: Laws 1895, p. 421. The act provided that, after the bridge was thus acquired, the committee should turn it over to the county court of Multnomah County, which should take charge of, manage, and operate it as a free bridge, being given power and authority to employ such agents and servants as it might deem necessary, and to make all needful rules and regulations for the conduct, management, and use of the bridge by the city, its inhab-

itants, and the public in general. It was also required to levy and collect an annual tax upon all the taxable property within the county, sufficient to provide a fund with which to maintain and keep the bridge in good condition and repair during the ensuing year. After the organization of the bridge committee, it issued bonds as provided, with the proceeds of which it purchased the bridge for and in the name of the city, turning the management and control thereof over to the county court of Multnomah County, which has ever since operated and maintained the same as a free bridge and public highway. The single question on this appeal is whether, under these circumstances, the county is liable for an injury resulting from a defect in the bridge, due to the negligence of its officers and agents.

1. It must, we think, be accepted as settled law that, unless made so by statute, a county is not liable for an injury resulting from a defect in a public road or highway, notwithstanding the law may require it to keep such road or highway in repair, and give it ample power to provide means with which to discharge the obligation. Such was the decision in *Templeton* v. *Linn County*, 22. Or. 313 (29 Pac. 795, 15 L. R. A. 730), and, notwithstanding the argument of counsel, ably restating the grounds upon which it was sought to maintain that action, we are not disposed to overrule the decision. Unless there is some statute, therefore, making Multnomah County liable for negligence in the operation or maintenance of Morrison-street Bridge, the plaintiff cannot recover.

2. The only statute having any bearing upon the question is section 59, p. 280, Act 1903, which provides: "When any individual, while lawfully traveling upon any highway of this State or bridge upon such highway, the same being a legal county road, shall, without contributory negligence on his part, and without knowledge upon his part of the defect or danger, sustain any loss, damage, or injury, in

consequence of the defective and dangerous character of such highway or bridge, either to his person or property, he shall be entitled to recover of the county in which such loss, damage, or injury occurred, compensatory damages, not to exceed the sum of $2,000 in any case, by an action in the circuit court of such county, or in a justice's court therein, if the amount of damages sued for shall not exceed the sum of $250": Laws 1903, pp. 262, 280, § 59. This is practically a reënactment of the act of 1893, passed soon after the decision in the Templeton Case (Laws 1893, p. 141, § 1),* and which was intended to give a remedy where none existed before. It imposed a new liability upon a county, and must therefore be strictly construed : *McFerren* v. *Umatilla County*, 27 Or. 311 (40 Pac. 1013). By its terms, the right to the remedy is confined to one injured while lawfully traveling upon a highway of this State, or bridge upon such highway, "the same being a legal county road." It is apparent from the language used that the legislature only intended to provide a remedy for an injury received by a traveler on a county road or highway.

3. It is unnecessary to consider at this time what kind of a highway will be deemed "a legal county road" within the meaning of the statute, since by no possible construction can the term be held to include a city street or bridge. Morrison-street Bridge, upon which plaintiff was traveling at the time of her injury, is and was the property of, and one of the highways of, the City of Portland, and in no sense a county road or highway. That question was practically determined in *Simon* v. *Northup*, 27 Or. 487 (40 Pac. 560, 30 L. R. A. 171), which was a mandamus proceeding to compel the county to take over the management and control of the bridge now in question. The constitutionality of the act was challenged by the county on the

---

* Now Section 4781, B. & C. Comp.—REPORTER.

45 OR.——7

ground that it was a special act to provide for "working on highways," and therefore in conflict with article IV, § 23, subd. 7, of the constitution, but the court held that Morrison-street Bridge was not a highway within the meaning of the constitution, which was intended to apply to such roads and highways as are a part of the general highway system of the State and can be maintained and repaired under the general law, and not to the public bridges and ferries of a city. The opinion proceeded all the way through upon the theory that the bridge in question was the property and one of the highways of the city, and that the act of the legislature simply transferred its supervision and control from the city to the county, without constituting it the property of the county or a county road or highway. The transfer of the control and supervision of the bridge from the city to the county was merely to provide for its convenient operation and maintenance. The act of the legislature making such transfer defines the rights, powers, duties, and liabilities of the county, and, as the legislature has not imposed upon it a liability for negligence, the courts cannot do so under the general act making a county liable for an injury resulting from a defect in a "legal county road," even though the county may be charged by law with the duty of keeping the bridge in repair, and be given power to provide a fund for that purpose. The question as to whether the county should be liable for negligence in the performance of the duty imposed upon it is a legislative, not a judicial one, and, until the legislature sees proper to make it liable by statute, no action can be maintained against the county therefor.

It follows that the demurrer was properly sustained, and the judgment of the court below will be affirmed.

AFFIRMED.