Argued October 4, reversed October 19, 1915.

## RAPP v. MULTNOMAH COUNTY.

(152 Pac. 243.)

**Counties—Actions.**

1. Where the plaintiff sues under the Employers' Liability Act (Laws 1911, p. 16) for personal injuries sustained while an employee of the county, his action is one of tort resting on negligence and will not be heard, as the county can be sued only under Section 358, L. O. L., which permits suits against a county on its contracts only.

[As to liability of state as employer within Employers' Liability Act, see note in Ann. Cas. 1914B, 889.]

**Counties—Liability for Torts—Statute—Implied Repeal.**

2. Section 358, L. O. L., which limits actions against a county to causes founded on contract, is not repealed or amended by implication by the Employers' Liability Act, which fails explicitly to mention counties, since repeals by implication are not favored.

**Constitutional Law—Judicial Functions—Matters of Policy.**

3. Where the legislature failed to include counties in the operation of the Employers' Liability Act, the courts will not apply the act to actions against them, although as a matter of policy the law ought so to be applied.

From Multnomah; WILLIAM N. GATENS, Judge.

Department 1.   Statement by MR. JUSTICE BURNETT.

The plaintiff, Charles Rapp, was employed by Multnomah County in repairing the approach to a ferry maintained by the county across the Willamette River at Sellwood. He alleges that the task in hand consisted in excavating and grading for the purpose of receiving mudsills on which to lay the planking for the

approach, and, while he was digging, a team driven by another employee came along near the pit in which he was at work, and one of the horses fell, striking the plaintiff, and inflicting an injury for which he would recover damages. It is charged in substance that the injury was caused by the negligent way in which the team was managed, and that the work could have been carried on with safety by requiring the teamster to keep away from close proximity to the plaintiff. A demurrer to the complaint was overruled. The defendant answered, denying the negligence and the injuries averred, and interposed the defenses of contributory negligence, negligence of a fellow-servant, and assumption of risk.

The answer was traversed by the reply. There was a judgment of $100 for the plaintiff, and the defendant appealed.      REVERSED.

For appellant there was a brief over the names of *Mr. Samuel H. Pierce, Mr. Walter H. Evans,* District Attorney, and *Mr. Arthur A. Murphy,* Deputy District Attorney, with an oral argument by *Mr. Pierce.*

For respondent there was a brief over the names of *Mr. Isham N. Smith, Mr. Lon L. Parker* and *Mr. Richard Talboy,* with an oral argument by *Mr. Smith.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. It is necessary only to consider the pivotal question in this case. It is whether or not the Employers' Liability Act (Laws 1911, p. 16) applies to counties in this state. The plaintiff declares under the last clause of Section 1 of the act, reading thus:

"And generally, all owners, contractors, or subcontractors, and other persons having charge of, or responsible for, any work involving a risk or danger to the employees or the public, shall use every device, care and precaution which it is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine, or other apparatus or device, and without regard to the additional cost of suitable material or safety appliance and devices."

The earlier part of the section lays its injunction upon "all owners, contractors, subcontractors, corporations or persons whatsoever engaged in the construction, repairing, alteration, removal or painting of any building, bridge, viaduct or other structure."

A statutory duty is imposed upon the persons and corporations included within the purview of this statute. Although a plaintiff may be in the employ of those controlled by the law at the time of receiving an injury, his right to recover does not depend upon the contract of employment which the parties have made. It rests solely upon the legislative mandate the violation of which is a tort and not a breach of the contract. The law is not affected by the contract and a disobedience of the statute is not an infraction of the agreement. The instant case is an action for tort.

Section 358, L. O. L., says:

"An action may be maintained against any of the organized counties of this state upon a contract made by such county in its corporate character, and within the scope of its authority, and not otherwise."

These are plain words, and exclude an action for tort, unless the right to maintain the same can be derived from the Employers' Liability Act. It is the settled rule in this state that neither the state itself,

77 Or.—39

nor one of its counties, which are but instrumentalities of the state in exercise of its sovereignty, can be sued, unless upon express permission given by the legislative power in the form of a statute permitting the same. Public policy forbids that the state shall be made a defendant in litigation without its consent, and as counties are regarded as parts of the government the exemption is in good reason also extended to them, unless a statute exists expressly allowing the maintenance of actions against them. The right of action cannot be grounded upon mere implication. The state does not promulgate its own laws against itself or against its governmental subordinates, unless it is so directly declared by the legislative power of the state. A statute imposing a new liability, where otherwise none would exist, must be construed strictly: *McFerren* v. *Umatilla Co.*, 27 Or. 311 (40 Pac. 1013) ; *Jones* v. *Union Co.*, 63 Or. 566 (127 Pac. 781, 42 L. R. A. (N. S.) 1035, and note).

2. Moreover, repeals or amendments by mere implication are not favored, and Section 358, L. O. L., in limiting actions against a county to causes founded only upon a contract and "not otherwise," cannot be held to be repealed or amended by mere inference under the Employers' Liability Act, which does not explicitly mention counties as within its scope. This rule is supported by the following authorities: Lewis' Sutherland, Statutory Construction (2 ed.), § 514; *Templeton* v. *Linn Co.*, 22 Or. 315 (29 Pac. 795, 15 L. R. A. 730) ; *Seton* v. *Hoyt,* 34 Or. 266 (55 Pac. 967, 75 Am. St. Rep. 641, 43 L. R. A. 634) ; *Schroeder* v. *Multnomah County,* 45 Or. 96 (76 Pac. 772). The *Seton-Hoyt Case* was treating of the liability of a county for interest on a claim against it. Mr. Chief Justice WOLVERTON used this language:

"Nor is the state within the purview of a general law regulating the rate of interest upon money due or to become due, and this goes upon the ground that a sovereign is not bound by the words of a statute unless it is expressly named [citing authorities]. That the county is but the agent or instrumentality of the state, constituted and employed essentially for the promotion of its general government, and therefore subject to · like rules and restrictions governing its liabilities as of the state, there can be no controversy."

3. Much was said at the argument to the effect that the county ought to provide for the safety of its employees like any other employer, but this constitutes only moral obligation, and until the legislative power grants permission to sue a county, which is one of the state's governmental instrumentalities, the mere ethical duty cannot be recognized by the judiciary. The county was not amenable to this action. It was error to overrule the demurrer to the complaint.

The judgment of the Circuit Court is reversed.

REVERSED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McBRIDE and MR. JUSTICE BENSON concur.