Argued December 13, reversed December 27, 1916.

# CLARK *v.* COOS COUNTY.

### (161 Pac. 702.)

**Constitutional Law—Counties—Right to Sue—Injuries to Employees —Self-executing Provisions.**

1. Since an injured workman's action for damages under Employers' Liability Act (Laws 1911, p. 16) is a tort action, and a county, under Section 358, L. O. L., can be sued on its contracts and not otherwise, he cannot recover, in spite of Article I, Section 10, of the Constitution, providing that every man shall have a remedy by due course of law for any injury; such provision, as regards counties, not being self-executing.

[As to self-executing provisions of Constitution, see note in Ann. Cas. 1914C, 1116.]

From Coos: JOHN S. COKE, Judge.

Department 1.    Statement by MR. JUSTICE BURNETT.

This is an action in which the plaintiff, Thomas J. Clark, essays to charge Coos County under Chapter 3 of the General Laws of Oregon for 1911, generally known as the Employers' Liability Act. He claims that, while he was at work as an employee of the defendant repairing a county road in that county under the supervision of the road supervisor, he was injured by a stone rolling down a hillside and striking him on the shoulder. The essence of his charge is that the defendant county neglected to use every device, care or precaution that it was practicable to use for the protection of the plaintiff; that a safe device or precaution consisted in the employment of a person to watch for any rock, earth or debris that might fall or roll down the side of the mountain from above the place where the plaintiff was working, and to give him notice of such falling.

The answer denied all responsibility on the part of the defendant and traversed every averment imputing

negligence to it. Affirmatively the defendant set up
matter tending to show that the plaintiff was the
employee of an independent contractor engaged in the
prosecution of the work mentioned.

All the new matter of the answer was traversed by
the reply. At the close of plaintiff's case, defendant
moved for a judgment of nonsuit on various grounds,
which was denied. When all the testimony was in,
the defendant moved for an order directing a verdict
in its favor for the reason, among others, that no evi-
dence had been adduced in the trial sufficient to con-
stitute a cause of action against the defendant. This
motion was denied, a verdict and judgment resulted in
favor of the plaintiff, and the defendant appeals.

REVERSED.

For appellant there was a brief and an oral argu-
ment by *Mr. Lawrence A. Liljeqvist.*

For respondent there was a brief over the names of
*Mr. Austin S. Hammond, Mr. E. D. Sperry* and *Mr.
A. H. Derbyshire,* with an oral argument by *Mr.
Hammond.*

MR. JUSTICE BURNETT delivered the opinion of the
court.

The case at hand is identical in principle, and must
be governed by the decision in *Rapp* v. *Multnomah
County,* 77 Or. 607 (152 Pac. 243), which ruled that,
where the plaintiff sues under the Employers' Liabil-
ity Act for personal injuries sustained while an em-
ployee of the county, his action is one of tort resting
on negligence and will not be heard, as the county can
be sued only under Section 358, L. O. L., which permits
suits against it on its contracts only; and that, where
the legislature failed to include counties in the opera-

tion of the Employers' Liability Act, the courts will not apply the statute to actions against them.

At the argument the plaintiff counted strongly on the language of Section 10 of Article I of the Constitution of the state that:

"Every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

Against whom the man shall have a remedy is not stated. Neither is any process detailed whereby it may be enforced. Until the legislative department of the government shall provide that the state or its counties may be sued, in an action of this sort, this constitutional provision as to state governmental agencies must be treated as not self-executing. Manifestly this has been the legislative construction of the clause, else we would not have such enactments as Section 358, L. O. L., permitting the maintenance of an action against a county upon a contract "and not otherwise," or Section 6375, L. O. L., giving a right of action against a county in favor of one injured by a defect in the highway while lawfully traveling thereon, etc. As against a county the courts cannot proceed under the quoted excerpt from the organic act any further than the legislative power has pointed the way. In short, a county cannot be called to account at the suit of a private party for any default in its governmental functions unless there is a statute allowing it. No enactment has been pointed out sanctioning such procedure.

The judgment of the Circuit Court must therefore be reversed.          REVERSED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCBRIDE and MR. JUSTICE BENSON concur.