Argued October 26, affirmed November 17, 1954

## AMERICAN BONDING COMPANY *v.* STILLWELL

276 P2d 415

*Carl G. Helm, Jr.*, La Grande, argued the cause for appellant. On the briefs were John Lichty and Helm & Neely, La Grande.

*George T. Cochran,* La Grande, argued the cause for respondent. On the brief were Cochran & Eberhard and Ross E. Hearing, La Grande.

Before LATOURETTE, Chief Justice, and WARNER, LUSK, BRAND, TOOZE and PERRY, Justices.

LATOURETTE, C.J.

On July 29, 1946, plaintiff brought suit against defendant to set aside a conveyance dated March 30, 1944, on the ground that such conveyance hindered, delayed and defrauded plaintiff, a creditor of the grantor. After trial and on December 18, 1953, a decree of dismissal was entered by the trial court. Plaintiff appeals.

Plaintiff alleges, inter alia, that Lewis Burl Stilwell and Gwendolyn Stilwell were at all times mentioned husband and wife and on April 23, 1928, acquired title to some lots in Pendleton by deed and that on March 30, 1944, Lewis voluntarily, without consideration, deeded his interest in said property to Gwendolyn to hinder, delay and defraud plaintiff, a creditor of said Lewis.

It is further alleged that on January 22, 1942, Lewis made application to the plaintiff requesting it to execute a fidelity bond with Lewis as principal and the plaintiff as surety, insuring the fidelity of said Lewis to his employer, H. Horenstein, dba Herman's Men's Stores of Pendleton, Oregon, and that pursuant to said application plaintiff did execute such a fidelity bond which bond continued in full force and effect until March 1, 1944, upon which date the said Lewis was discharged from the employ of his employer on account of embezzlement and that on May 17, 1944, plaintiff paid to the employer $1,200.00 in settlement thereof. It is further alleged that Lewis agreed to indemnify plaintiff against all loss incurred by reason of the execution of said bond which Lewis failed to do, and that thereafter and on September 1, 1945, judgment was entered against said Lewis by plaintiff on account thereof.

It is the position of defendant that plaintiff failed in the present case to establish its claim of indebtedness

against Lewis as the basis of the judgment aforesaid, whereas plaintiff contends that the judgment entered against Lewis was conclusive on Gwendolyn as to the existence of a debtor-creditor relationship between them at the time of the conveyance.

■ It is the law that where a conveyance antedates the judgment the burden is upon plaintiff to plead and prove by primary evidence an actual indebtedness older than the conveyance attacked where the reliance is upon a purely voluntary transfer of the title. *Hillsboro Nat. Bank v. Garbarino,* 82 Or 405, 161 P 702. In that case Mr. Justice BURNETT, speaking for the court, said: "The subject is learnedly discussed in *Eggleston v. Sheldon,* 85 Wash. 422, 148 Pac. 575." We there read:

> "The rule announced in the foregoing cases would seem to be sound in principle. A voluntary conveyance of property, made in good faith, is valid as between the parties, and valid as to all persons, other than existing creditors of the grantor. Since the grantee of the property acquires an interest therein by reason of the conveyance, such grantee is a necessary and indispensable party to any proceeding brought to subject the property to the debt. As to him it must be alleged, and, if the allegation be denied, it must be proven, that the debt existed at the time of the conveyance. This fact can only be proven by primary evidence—'the best evidence of which the case in its nature is susceptible.' The recitals of fact contained in the pleadings, findings, and other documents in a cause anterior to a judgment are not primary evidence as against a stranger to the record. However conclusive such findings and recitals may be as against parties and privies to the action, they are but secondary evidence as to strangers. If the facts so recited become material in a proceeding in which they are parties, such facts as to them must be

proven from the original sources of evidence, the same sources that were required to establish the facts in the first instance between the parties to the original suit."

■ In the instant case plaintiff pleaded the alleged indebtedness leading up to the judgment which defendant denied but failed in its proof to sustain the same.

It therefore follows that the decree should be affirmed. It is so ordered.