Argued November 24, 1970, reversed February 25, 1971

SWANSON, Administrator, *Appellant, v.* COOS
COUNTY, *Respondent,* and MARTIN, Administrator,
*Appellant, v.* COOS COUNTY, *Respondent.*

481 P2d 375

*Edward M. Murphy*, Roseburg, argued the cause for appellants. With him on the brief were Stults, Jayne, Murphy & Anderson, Roseburg, and Pickett & Nelson, Coquille.

*Lynne W. McNutt*, Coos Bay, argued the cause for respondent. With him on the brief were McNutt, Gant, Ormsbee & Gardner, Coos Bay.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

These consolidated cases present a single problem arising out of an identical factual situation. Plaintiffs' decedents were drowned when a car in which they were occupants was driven at night off the end of a county-owned and maintained dock. Each complaint charges specific acts of negligence against the defendant. Demurrers to each were sustained. Both parties concede that the sole question is whether or not the defendant on January 12, 1969, the date of the accident, was immune from tort liability. The problem is one of statutory construction.

Unlike *Fry v. Willamalane Park & Rec. Dist.* 4 Or App 575, 481 P2d 648 (1971), decided this day, we are not faced with any problem of notice or compliance with ORS 30.275. Here, respondent contends and the trial court concluded that because of the provisions of ORS 30.265 (2) (f) (now ORS 30.265 (2) (e)), ORS 30.320 remained in effect and thus no action could be maintained against the county in tort. The latter statute provided at the time of the accident:

> "A suit or action may be maintained against any county and against the State of Oregon by and

through and in the name of the appropriate state agency upon a contract made by the county in its corporate character, or made by such agency and within the scope of its authority, and not otherwise [Oregon Laws 1969, ch 429, § 4, amended ORS 30.320 by eliminating the words "and not otherwise."] * * *. An action or suit may be maintained against any other public corporation mentioned in ORS 30.310 in its corporate character, and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some act or omission of such other public corporation." Oregon Laws 1959, ch 614, § 1.

Henke, *Oregon's Governmental Tort Liability Law From a National Perspective*, 48 Or L Rev 95 (1968), comments at 117-18:

"Most of the Oregon statutes which provide for immunity or limited liability of public bodies apply only to special situations and can be reconciled with the policy and purpose evidenced by the new governmental tort liability law. However, two statutes not expressly repealed by the new law, OR. REV. STAT. sec. 30.320 (1967) and OR. REV. STAT. sec. 221.924 (2) (1967) will result in substantial anomalous areas of governmental immunity if interpreted as still being in effect under OR. REV. STAT. sec. 30.265 (2)(f), (3) (1967) of the new act. These statutes deserve special attention since they are directly contrary to the spirit of the new law and create an uncertainty which will have to be resolved by judicial interpretation or further legislative action."

In a footnote at 117, the writer suggests:

"* * * One possible judicial solution would be to find OR. REV. STAT. sec. 30.320 (1967) to be a conflicting law superseded by the new act, although this leads to a problem of distinguishing this statute from other limiting liability. * * *"

He also offers a second suggestion, namely, that ORS 30.320 merely opened the courts to contract actions against the county, but did not affirmatively prohibit actions in tort.

■■ We think the legislature clearly intended by the passage of the Oregon Governmental Tort Liability Law (ORS 30.260 to 30.300) to make every public body liable for its torts, as ORS 30.265 (1) provides, subject only to the express limitations which it contains. Concerning the effect of its adoption upon ORS 30.320, we note that ORS 30.300 provides:

> "ORS 30.260 to 30.300 *is exclusive and supersedes all* home rule charter provisions and *conflicting laws* and ordinances on the same subject." (Italics supplied.)

The construction urged by the respondent would, so far as the tort liability of the county or of the state of Oregon is concerned, emasculate the clear intent of ORS 30.265 (1) and 30.300, for the Supreme Court has said of ORS 30.320, concerning the phrase therein "and not otherwise,"

> "These are plain words, and exclude an action for tort * * *." *Rapp v. Multnomah County*, 77 Or 607, 609, 152 P 243 (1915). See also, *Clark v. Coos County*, 82 Or 402, 161 P 702 (1916).

Yet the Act expressly makes its provisions applicable both to a county and to the state. ORS 30.260 (2). Since ORS 30.300 states the Act "is exclusive and supersedes all * * * conflicting laws * * * on the same subject," it is our duty, if possible, to give effect to all parts of the statute. ORS 174.010.

This is not an instance, as the respondent would have us believe, where "the Lord giveth and the Lord taketh away." Rather, its legislative chronology re-

veals it is one where first "the Lord taketh away" and thereafter "He giveth." In our view, ORS 30.265 (2)(f) (now ORS 30.265 (2)(e)) relates to particular types of claims which by various statutes relating thereto are limited or rendered immune.

This construction does not affect the application of ORS 30.265 (2)(f) to the multitude of Oregon statutes which give to various public bodies specific immunity as to particular types of tort claims.[1]

It follows that the demurrer in each case should have been overruled.

The judgments are reversed.

---

[1] Henke, *Oregon's Governmental Tort Liability Law From a National Perspective*, 48 Or L Rev 95, 117, n. 165 (1968), gives examples of many such statutes, as follows:

"OR. REV. STAT. secs. 30.320 (1967) (discussed *supra*, note 27); 105.722 (2) (1967) (liability of state for change in road grade); 336.410 (1967) (school dental programs); 336.460 (2) (1967) (school traffic patrols); 368.940 (1967) (county liability for dedicated, but unaccepted, public ways); 398.412 (1967) (military courts); 399.225 (1967) (State Militia); 401.170 (1967) (civil defense activities); 420.040 (1967) (juvenile and training schools); 426.280 (1967), 427.150, and 428.490 (1967) (leaves of absence from state hospitals); 476.600 (1967) (emergency fire-fighters); 542.620 art. IX, A(6) (Klamath River Basin Compact); 576.405 (1967), 578.140, and 579.160 (1967) (Agricultural Commodity Commissions); 777.125(3) (1967) (pilotage services of ports)."