Argued and submitted April 23, resubmitted In Banc September 12, reversed and remanded October 17, 1990, reconsideration denied January 16, petition for review allowed March 19, 1991 (311 Or 222)

DIANA G. O'BRIEN,
*Appellant,*

*v.*

STATE OF OREGON,
*Respondent.*

(8802-00742; CA A60568)

799 P2d 171

Kathryn H. Clarke, Portland, argued the cause and filed the opening brief for appellant. With her on the reply brief was D. Lawrence Wobbrock, Portland.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

RICHARDSON, J.

Edmonds, J., dissenting.

## RICHARDSON, J.

Plaintiff brought this medical malpractice action under the Oregon Tort Claims Act (OTCA), ORS 30.260 to ORS 30.300, for injuries that she allegedly sustained at the Oregon Health Sciences University (OHSU). The trial court dismissed her complaint[1] on the ground that ORS 12.110(4), the five-year statute of ultimate repose for malpractice actions, barred her claim. We reverse.

Plaintiff alleges that, when she was a patient at OHSU in July, 1980, or February, 1981, a catheter was inserted into her blood vessel and heart. When defendant removed the catheter, a portion of it broke off and remained in her heart. Defendant did not notice that the catheter had not been completely removed. On December 4, 1986, defendant noticed for the first time that a part of the catheter was still in plaintiff's heart. It did not inform plaintiff of that fact until August, 1987. Plaintiff filed this action on February 9, 1988.

ORS 30.275(8), as amended by Oregon Laws 1981, chapter 350, § 1, provides:

> "Except as provided in ORS 12.120 and 12.135, but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action, an action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be commenced within two years after the alleged loss or injury."

Section 2 of the 1981 Act provides that the

> "amendments to ORS 30.275 by section 1 of this Act do not permit commencement of an action on or after the effective date of this Act in respect to a claim for damages arising out of an accident or occurrence before the effective date of this Act for which notice was not presented before the effective date of this Act as required by ORS 30.275 and the time for presenting that notice prescribed by ORS 30.275 expired before the effective date of this Act."

---

[1] Plaintiff's complaint alleged three negligent acts. Defendant filed a Motion to Dismiss/Strike two of the three specifications of negligence. When the trial court granted defendant's motion, the parties stipulated to an order dismissing plaintiff's third allegation, and the court entered a final judgment.

Plaintiff argues that her action was timely commenced, because ORS 30.275(8), as amended in 1981, precludes the application of the repose provision in ORS 12.110(4) to OTCA actions. Defendant argues that the 1981 amendment does not apply to this case; that, even if the amended version applies, ORS 30.275(8) does not make ORS 12.110(4) inapplicable; and that the action is also barred by ORS 30.265(3)(d).

Defendant relies on the phrase "claim for damages arising out of an accident or occurrence before the effective date of this Act," section 2, and argues that, because the allegedly negligent conduct occurred before the effective date, the amendment does not apply. However, when section 2 is read in its entirety, it could have the effect defendant suggests *only if* the time for presenting the notice had expired before January 1, 1982, the effective date of the Act. Or Laws 1981, ch 350, § 4. Under *former* ORS 30.275(1), a person asserting a tort claim against the state was required to give written notice of the claim within 180 days "after the alleged loss or injury." The 180-day period did not begin to run until a plaintiff had "a reasonable opportunity to discover his injury and the identity of the party responsible for that injury." *Adams v. Oregon State Police,* 289 Or 233, 239, 611 P2d 1153 (1980). It is undisputed that plaintiff neither knew nor had reason to know of her claim until after January 1, 1982. Therefore, she was not required to give defendant notice of her claim before that date. The amendment applies to this action.

■ Defendant next argues that, even under the amended ORS 30.275(8), plaintiff's action is subject to ORS 12.110(4), which provides that, at the latest, an action to recover damages for injuries arising from medical or surgical treatment "shall be commenced within five years from the date of the treatment, omission or operation upon which the action is based." Because the treatment of which plaintiff complains occurred by February, 1981, and this action was not brought until February, 1988, defendant asserts that the claim is barred.

Plaintiff contends that ORS 12.110(4) is made inapplicable to OTCA claims by the phrase in ORS 30.275(8) that its limitation period applies "notwithstanding any other

provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action." Defendant argues that ORS 30.275(8) was intended to limit, not expand, the time for bringing claims against the state. Therefore, it contends, the period of ultimate repose in ORS 12.110(4) should apply in OTCA actions, which would be time-barred by that statute, but not by ORS 30.275(8) itself. *See* note 4, *infra.*

We agree with plaintiff that the "notwithstanding" clause of ORS 30.275(8) makes ORS 12.110(4) inapplicable to this action. We said in *Lawson v. Coos Co. Sch. Dist. #13,* 94 Or App 387, 390, 765 P2d 829 (1988):

> "Plaintiff contends that the 'notwithstanding' language of ORS 30.275(8) applies only to provisions in chapter 12 and other statutes that *limit* commencement of an action. Therefore, because ORS 12.160 *extends* the time for commencement of an action, it is not subject to the two-year time limit. We disagree. The statute states two exceptions to the two-year limitation: ORS 12.120 and ORS 12.135. Immediately following the exception language, the statute provides that the two-year limitation applies 'notwithstanding *any other provision of ORS chapter 12* or other statute providing a limitation on the commencement of an action.' (Emphasis supplied.) Further, the statute sets out the 'notwithstanding' provisions in the alternative: The time limit applies (1) notwithstanding any other provision of ORS chapter 12 *and* (2) notwithstanding any other statute providing a limitation on the commencement of an action." (Emphasis in original; footnotes omitted.)

We therefore concluded that the minor plaintiff's time for bringing the action was not tolled by ORS 12.160. Similarly, ORS 12.110(4) is a provision of ORS chapter 12, and ORS 30.275(8) precludes its application to OTCA claims.[2]

The dissent interprets the "notwithstanding" clause differently and suggests that *Lawson* should be overruled. However, the dissent shows, at most, that there is a second tenable way in which the statute can be interpreted, not that the interpretation in *Lawson* is untenable or incorrect. It is

---

[2] It is not wholly clear whether either or both parties proceed from the understanding that the repose provision in ORS 12.110(4) is a "limitation on the commencement of an action," as well as a "provision of ORS chapter 12." In either event, it comes within the "notwithstanding" clause, as we construed it in *Lawson.* We therefore need not decide whether the statute of ultimate repose is a "limitation" statute within the meaning of ORS 30.275(8).

unwise to overrule as recent a case as *Lawson* and to arrive at the opposite answer to the same question, simply because, in the abstract, either answer might be logically supportable if we were writing on a clean slate. The slate is not clean, and the dissent offers no compelling reason to wipe it clean. *Lawson* is controlling.

Defendant argues, and the dissent appears to agree, that, because ORS 30.275(8) is intended to limit rather than expand the state's liability, it is contrary to the statutory purpose to construe the language as making an ultimate repose provision that is available to private defendants unavailable to the state. The specific issue in *Lawson* was whether the "notwithstanding" clause prevented the *plaintiff* from invoking the minority tolling provision of ORS 12.160. Presumably, our affirmative answer to that question accords with defendant's understanding of the statutory purpose. However, the language of the "notwithstanding" clause leaves no room for construing it to apply differently to non-limitation provisions in ORS chapter 12 on the basis of whether they are favorable or unfavorable to the state. The clause applies to all of them or to none. If, as defendant and the dissent implicitly maintain, the statute was *meant* to make all of the advantageous provisions applicable to the state, but none of the disadvantageous provisions, the statutory language cannot be read to achieve that meaning, and defendant's recourse is to the legislature. ORS 12.110(4) does not apply to and does not bar this action.[3]

■ Finally, defendant argues that plaintiff's claim is barred by ORS 30.265(3)(d), which provides:

> "(3) Every public body and its officers, employees and agents acting within the scope of their employment or duties * * * are immune from liability for:
>
> "* * * * *

---

[3] Our conclusion in *Lawson* and here are further supported by the fact that ORS 30.275(8) specifically retained a statute of ultimate repose for certain claims under OTCA. ORS 12.135 provides, among other things, for a 10-year ultimate repose period for actions involving certain work on real property. Thus, the legislature knew how to retain statutes of ultimate repose in OTCA, when it chose to do so. If it had intended the ultimate repose provision for medical malpractice claims to apply under OTCA, it easily could have retained ORS 12.110(4) as well.

"(d) Any claim which is limited or barred by the provisions of any other statute."

Defendant asserts that ORS 12.110(4) is "another statute" that limits or bars plaintiff's action. We reject this argument, too.

In interpreting a statute, we consider it as a whole. *Davis v. Wasco IED,* 286 Or 261, 267, 593 P2d 1152 (1979). Subsection (1) of ORS 30.265 provides for waiver of sovereign immunity, subject only to the limitations provided in the OTCA. Subsection (2) provides immunity to the state for any action of an officer, employee or agent who is immune from liability. Subsection (3) sets out various other specific immunities, including, *inter alia,* claims for injuries covered by the Workers' Compensation Law, claims in connection with assessment and collection of taxes, for claims based on the performance of discretionary functions, as well as claims that are "limited or barred by the provisions of any other statute." Subsections (4) through (8) similarly limit the state's liability in various ways.

In *Swanson/Martin v. Coos County,* 4 Or App 587, 591, 481 P2d 375 (1971), we stated that the predecessor to ORS 30.265(3)(d)

"relates to particular types of claims which by various statutes relating thereto are limited or rendered immune.

"This construction does not affect the application of ORS 30.265(2)(f) [currently ORS 30.265(3)(d)] to the multitude of Oregon statutes which give to various public bodies specific immunity as to particular types of tort claims."

*See also* Lansing, "The King Can Do Wrong! The Oregon Tort Claims Act," 47 Or L Rev 357, 363 (1968).

We conclude that ORS 30.265(3)(d) is a substantive immunity statute. It does not relate to statutory limitations or time bars; they are dealt with elsewhere in OTCA. Defendant argues that reading ORS 30.265(3)(d) in that way renders it meaningless. On the contrary, the paragraph has ample substantive meaning without stretching its language as defendant would have us do. There are numerous statutes outside OTCA that provide immunity for public bodies. *See, e.g.,* ORS 399.225 (members of state military immune for acts or omissions done in the performance of their duty); ORS 420.040

(juvenile training schools not liable for damages on account of misconduct of a student of the school). ORS 30.265(3)(d) assures that those immunity provisions are not waived by OTCA.

Moreover, defendant's interpretation of ORS 30.265(3)(d) would render ORS 30.275(8) senseless or meaningless. ORS 30.265(3)(d) would simultaneously incorporate ORS 30.275(8) itself along with the statutes of limitations that ORS 30.275(8) makes inapplicable to OTCA actions. It is clear that the legislature could not have intended ORS 30.265(3)(d) to supplement the limitations provision of ORS 30.275(8). ORS 30.265(3)(d) pertains to substantive immunity; ORS 30.275(8) is *the* statute of limitations for OTCA.

■ Plaintiff brought her action within two years after she discovered her injury.[4] It was timely under ORS 30.275(8), and the trial court erred in dismissing her claims.

Reversed and remanded.

**EDMONDS, J.,** dissenting.

For the sake of *stare decisis,* the majority follows the holding in *Lawson v. Coos Co. Sch. Dist. #13,* 94 Or App 387, 765 P2d 829 (1988), and, contrary to any conceivable legislative intent, creates a situation where only public bodies that are subject to the Oregon Tort Claims Act are not protected against stale claims by a statute of ultimate repose.

ORS 12.110(4) provides:

"An action to recover damages for injuries to the person arising from any medical, surgical or dental treatment, omission or operation shall be commenced within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered. However, notwithstanding the provisions of ORS 12.160, every such action shall be commenced within five years from the date of the treatment, omission or operation upon which the action is based or, if there has been no action commenced within five years because of fraud, deceit or misleading representation, then within two years from the date such fraud, deceit or

---

[4] The "discovery rule" is applicable to actions under OTCA, *see Dowers Farms v. Lake County,* 288 Or 669, 607 P2d 1361 (1980), and defendant does not contend otherwise.

misleading representation is discovered or in the exercise of reasonable care should have been discovered."

ORS 30.275(8) provides:

"Except as provided in ORS 12.120 and 12.135, but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action, an action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be commenced within two years after the alleged loss or injury."

The phrase "notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action" in ORS 30.275(8) is subject to more than one reasonable reading. It could be read to mean that ORS 30.275(8) excludes all provisions of ORS chapter 12 or excludes only those provisions of ORS chapter 12 that limit the commencement of actions. If it excludes only those provisions of ORS chapter 12 that limit the commencement of actions, does that include a statute of ultimate repose that is in ORS chapter 12?

When statutory language lends itself to more than one interpretation, we may look to its legislative history to identify the context in which it was adopted as an aid to resolving the ambiguity. *City of Portland v. Rice,* 94 Or App 292, 296, 765 P2d 228, *aff'd* 308 Or 118, 775 P2d 1371 (1989). The legislative history of ORS 30.275(8) reveals that it was adopted in 1981 to preserve the two-year Statute of Limitations in all tort claims filed against the state.[1] There is nothing to suggest that the language "notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action" was meant to apply to statutes of ultimate repose or to ORS 12.110(4). Our

---

[1] In 1969, the OTCA Statute of Limitations was changed to two years. Or Laws 1968, ch 429, § 3. In 1981, the legislative question relating to the Statute of Limitations was whether to repeal ORS 30.275 and make claims against the state subject to the same limitations as applied to claims against private parties. The legislative committee concluded that it would preserve the pre-1981 limitations. Minutes, Senate Committee on Justice 1, 2 (May 7, 1981). Although there is no explicit explanation for or discussion of the word "notwithstanding," it appears from the committee minutes that the language was intended to make it clear that no other Statute of Limitations would apply to claims against the state, except those specified in ORS 30.275(8). Minutes, Senate Committee on Justice 4 (March 25, 1981).

inquiry, then, is whether the legislature would have intended ORS 30.275(8) to apply to statutes of ultimate repose, had it considered the issue. *Security State Bank v. Luebke,* 303 Or 418, 737 P2d 586 (1987). We need to look to the language used, the statutory objective and any other evidence of the legislative meaning. ORS 174.010; *State v. Parker,* 299 Or 534, 704 P2d 1144 (1985).

The statutory objective of ORS 30.275(8) is to limit the liability of public bodies and their officers, employees and agents. *Giese v. Bay Area Health District,* 101 Or App 410, 413, 790 P2d 1198, *rev den* 310 Or 281 (1990). Given that objective, there is no reason why the legislature would have intended to expose public bodies, their officers, employees and agents to stale claims that could *not* be brought against *non-government defendants* because of ORS 12.110(4). It is an axiom of statutory construction that we should refuse to give literal applications to language when to do so would produce an unintended, absurd or unreasonable result. *See Pacific Power & Light Co. v. State Tax Commission,* 249 Or 103, 437 P2d 473 (1968). The majority violates that principle when it construes an ambiguous statute to mean what the legislature could not have intended.

Riggs, J., joins in this dissenting opinion.