Argued and submitted June 5, 2014, reversed and remanded January 21, 2016

Nicole L. ROBBINS,
Guardian *ad litem* for
A. P., a Minor,
*Appellant,*

*v.*

STATE OF OREGON,
by and through its
Department of Human Services,
*Respondent.*

Multnomah County Circuit Court
120607445; A152965

366 P3d 752

Thomas M. Christ, Judge pro tempore.

Lindsey H. Hughes argued the cause for appellant. With her on the reply brief were Hillary A. Taylor and Keating Jones Hughes, P.C. On the opening brief was Robert K. Udziela.

Karla H. Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

This is an appeal of a judgment dismissing a minor's claim subject to the Oregon Tort Claims Act (OTCA) following the trial court's summary judgment ruling that plaintiff's claim was time barred. The court determined that the minority tolling provision of ORS 12.160(1) (2007) did not apply to claims under the OTCA.[1] While this appeal was pending, the legislature amended ORS 12.160(1) and declared, under section 2 of the bill, that the changes should apply retroactively to govern this case.[2] The state concedes that, as amended in 2015, ORS 12.160(1) serves to toll the statute of limitations for a minor's claim under the OTCA, and that the trial court therefore erred in granting the state's motion for summary judgment. For the reasons explained below, we agree, accept the state's concession, and reverse and remand to the trial court for further proceedings.

We briefly summarize this case's background. DHS placed plaintiff, a minor, with a foster parent who sexually abused her. Appearing through a guardian *ad litem*, plaintiff brought this action against DHS, and, because DHS is a public body, her claims were subject to the two-year limitation set out in ORS 30.275(9) of the OTCA. The trial court awarded summary judgment to the state on the ground that plaintiff's claims were time barred. The court determined that the minority tolling provision of ORS 12.160(1) (2007), which applied to claims "subject to the statutes of limitation prescribed by" enumerated statutes in ORS chapter 12, did

---

[1] ORS 12.160(1) (2007) provided:

"Subject to subsection (2) of this section, if a person is entitled to bring an action *that is subject to the statutes of limitation prescribed by* ORS 12.010 to 12.050, 12.070 to 12.250 or 12.276, and at the time the cause of action accrues the person is a child who is younger than 18 years of age, the statute of limitation for commencing the action is tolled for so long as the person is younger than 18 years of age."

(Emphasis added.)

[2] ORS 12.160(1) now provides:

"Subject to subsection (2) of this section, if a person is entitled to bring an action *mentioned in* ORS 12.010 to 12.050, 12.070 to 12.250 or 12.276, and at the time the cause of action accrues the person is a child who is younger than 18 years of age, the statute of limitation for commencing the action is tolled for so long as the person is younger than 18 years of age."

(Emphasis added.)

not apply to plaintiff's OTCA claim. The court reasoned that, because OTCA claims are governed by their own statute of limitation, they are not "subject to" the limitation periods outlined in chapter 12.[3] Plaintiff appealed; she argued that the 2007 amendments to ORS 12.160(1) were never meant to exclude OTCA claims, relying exclusively on statutory construction and legislative history. The state responded that the text of ORS 12.160(1) (2007) clearly and unambiguously indicated that tolling was unavailable for OTCA claims.

In 2015, while this appeal was pending, the legislature once again amended ORS 12.160(1). House Bill (HB) 2333 (2015) amended that subsection of the statute by substituting the phrase "that is subject to the statutes of limitation prescribed by" with the pre-2007 language that the statutes of limitation would be tolled for actions "mentioned in" chapter 12. Or Laws 2015, ch 510, § 1 (enacting HB 2333). The legislature explained that the rewording of the statute in 2007 had resulted in the unintended consequence of eliminating application of the minority tolling provision in OTCA claims. Testimony, Senate Judiciary Committee, HB 2333, May 21, 2015, Ex 9 (statement of Erin Olsen). Section 2 of the bill made the amendment retroactive to all causes of action arising on or after January 1, 2008, and section 3 declared an emergency, rendering the bill effective upon its passage in May 2015. Oregon Laws 2015, ch 510, §§ 2-3.

Shortly thereafter, we issued a ruling in *Smith v. OHSU Hospital and Clinic*, 272 Or App 473, 356 P3d 142 (2015), in which we examined the application of ORS 12.160(1) (2005)—which, like its current version, applied to causes of action "mentioned in" chapter 12—to OTCA claims. We concluded that the medical tort claim in that case was one that was "mentioned in" ORS chapter 12. *Id.* at 483.

---

[3] The time to file a claim under the OTCA is governed by ORS 30.275(9), which provides:

"Except as provided in ORS 12.120, 12.135 and 659A.875, but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action, an action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be commenced within two years after the alleged loss or injury."

And, although the claim's limitations statute was governed by ORS 30.275(9), that statute

> "does not bar application of ORS 12.160 (2005) to OTCA claims, because ORS 12.160 (2005) does not provide a limitation on the commencement of an action but instead provides for tolling the time allowed for the commencement of an action. Thus plaintiff's claim comes within ORS 12.160, notwithstanding that her particular action is against a public body."

*Smith*, 272 Or App at 486 (internal quotation marks, brackets, and citations omitted).

In light of the 2015 changes to ORS 12.160(1) and our decision in *Smith*, the state concedes that ORS 12.160(1) (2007) no longer governs this case and that the current—and controlling—version of ORS 12.160(1) does not serve to eliminate a minor's ability to extend the statute of limitation in claims under the OTCA. We agree with the state's concession and, as the parties suggest, reverse and remand the judgment of dismissal.

Reversed and remanded.