Argued and submitted May 7, 1991, petition for review dismissed February 20, reconsideration denied March 24, 1992

Diana G. O'BRIEN,
*Respondent on Review,*

*v.*

STATE OF OREGON,
*Petitioner on Review.*

(CC 8802-00742; CA A60568; SC S37732)

826 P2d 633

John T. Bagg, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the petition were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Kathryn H. Clarke, Portland, argued the cause and filed the response to the petition for respondent on review.

PER CURIAM

## PER CURIAM

Plaintiff brought this action for medical malpractice against the State of Oregon for injuries that she allegedly sustained while a patient at the Oregon Health Sciences University. On the state's motion, the trial court dismissed the claim as time-barred under ORS 12.110(4), which contains a five-year statute of ultimate repose for medical malpractice actions. The Court of Appeals reversed, holding that ORS 30.275(8) of the Oregon Tort Claims Act (OTCA), as amended in 1981, made statutes of ultimate repose contained in ORS chapter 12, including the one in ORS 12.110(4), inapplicable to claims against public bodies. *O'Brien v. State of Oregon*, 104 Or App 1, 799 P2d 171 (1991).

The state also contended before the Court of Appeals that another provision of the OTCA, ORS 30.265(3)(d) (1989), barred plaintiff's claim. ORS 30.265(3)(d) (1989) provided:

> "Every public body and its officer, employees and agents acting within the scope of their employment or duties * * * are immune from liability for:
>
> "* * * * *
>
> "(d) Any claim which is limited or barred by the provisions of any other statute."

The state argued that the statute of ultimate repose contained in ORS 12.110(4) is a statute that "limited or barred" plaintiff's claim. The Court of Appeals disagreed with that argument and "conclude[d] that ORS 30.265(3)(d) is a substantive immunity statute. It does not relate to statutory limitations or time bars * * *." 104 Or App at 7.

After the Court of Appeals issued its decision in this case and after this court accepted review, the legislature amended ORS 30.265(3)(d) to provide that public bodies are immune from liability for "[a]ny claim which is limited or barred by the provisions of any other statute, *including but not limited to any statute of ultimate repose*." Or Laws 1991, ch 861, § 1 (emphasis added). Under similar circumstances, this court has dismissed review. *See Housing Council v. City of Lake Oswego*, 291 Or 878, 885, 635 P2d 647 (1981) (review dismissed, because "subsequent revisions * * * make an interpretation of [the former statute] irrelevant beyond this

case"). *See also State v. Blake*, 292 Or 486, 640 P2d 605 (1982) (review dismissed where Oregon's Rape Shield Law had been amended after trial, and this court was not aware of the amendment when the petition for review was allowed and oral argument was heard). We conclude that it is appropriate to dismiss the petition for review in this case.

As in cases in which this court declines to review a decision of the Court of Appeals on the merits, our dismissal of the petition for review does not signal that we agree with the Court of Appeals' result or reasoning. *See 1000 Friends of Oregon v. Bd. of Co. Comm.*, 284 Or 41, 45, 584 P2d 1371 (1978) ("denial of review in this or any other case may not be taken as expressing even a slight sign that this court approves the decision or the opinion of the Court of Appeals").

Petition for review dismissed.