Argued and submitted March 11; decision of Court of Appeals affirmed, judgment of circuit court reversed, and case remanded to circuit court for further proceedings July 29, 2021

Janae SHERMAN,
*Respondent on Review,*

*v.*

STATE OF OREGON,
acting by and through
Department of Human Services,
a state agency,
*Petitioner on Review.*

(CC 17CV35975) (CA A167156) (SC S067742)

492 P3d 31

Plaintiff brought child abuse claims against the Department of Human Services (defendant), alleging that defendant had known but failed to protect plaintiff from abuse while in foster care. Defendant moved to dismiss plaintiff's claims, asserting that plaintiff's claims were barred by ORS 12.115, a 10-year statute of ultimate repose; plaintiff argued that her child abuse claims were exempt from the statute of ultimate repose under ORS 12.117; and defendant responded that ORS 30.275(9) imposed a two-year statute of limitations for negligence claims against public bodies and superseded ORS 12.117. The circuit court dismissed plaintiff's claims as untimely. The Court of Appeals reversed and remanded, concluding that the circuit court erred in dismissing plaintiff's claims, because ORS 12.115 does not apply to child abuse claims as defined in ORS 12.117, and ORS 30.275(9) does not supersede the exception the statute of ultimate repose established in ORS 12.117. *Held*: (1) Based on its text, relevant context, and legislative history, ORS 30.275(9) does not supersede—and rather gives effect to—other statutes that provide limitations to the commencement of actions, such as ORS 30.265(6)(d), so ORS 30.275(9) does not render ORS 12.117 completely ineffective; (2) ORS 12.117 applies to all claims of child abuse, and ORS 30.265(6)(d) does not provide public bodies with immunity from liability for such child abuse claims.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

En Banc

On review from the Court of Appeals.*

_____
* On appeal from Multnomah County Circuit Court, Kelly Skye, Judge. 303 Or App 574, 464 P3d 144 (2020).

Jordan R. Silk, Assistant Attorney General, Salem, argued the cause for petitioner on review. Robert M. Wilsey, Assistant Attorney General, filed the briefs. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Carl Post, Law Offices of Daniel Snyder, Portland, argued the cause and filed the brief for respondent on review.

Kristian Roggendorf, The Zalkin Law Firm PC, Evergreen, Colorado, filed the brief for *amicus curiae* Oregon Trial Lawyers Association.

WALTERS, C. J.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

Garrett, J., dissented and filed an opinion, in which Balmer and Duncan, JJ., joined.

WALTERS, C.J.,

Plaintiff brought child abuse claims against a public body, the Department of Human Services (defendant), alleging that it had negligently failed to protect her from abuse while she was in foster care. Defendant moved to dismiss, asserting that it was immune from liability under a provision of the Oregon Tort Claims Act, ORS 30.265(6)(d), that provides that public bodies are "immune from liability" for "[a]ny claim that is limited or barred by the provisions of any other statute, including but not limited to any statute of ultimate repose." Defendant argued that plaintiff's claims were barred by the provisions of ORS 12.115, a statute of ultimate repose for negligent injury claims. The trial court agreed with defendant, rejecting plaintiff's argument that ORS 12.117, and not ORS 12.115, applies to child abuse claims and does not bar plaintiff's claims. The Court of Appeals reversed. *Sherman v. Dept. of Human Services*, 303 Or App 574, 576, 464 P3d 144 (2020). For the reasons that follow, we conclude that ORS 12.117 applies to child abuse claims and that ORS 30.265(6)(d) does not provide defendant with immunity. We affirm the decision of the Court of Appeals.

## I.   BACKGROUND

In reviewing the trial court's decision to grant defendant's motion to dismiss plaintiff's claims as barred by ORS 30.265(6)(d), we assume the truth of the well-pleaded facts in plaintiff's complaint. *See Doe v. Lake Oswego School District*, 353 Or 321, 323, 297 P3d 1287 (2013) (providing standard of review for motion to dismiss claims as barred by provision of the Oregon Tort Claims Act). We begin with those facts and the statutes that are relevant to our determination of whether plaintiff's claims are timely.

Plaintiff was in foster care until 2006, when she turned 21 years old. Defendant's child welfare division is responsible for administering the state's foster care program. While in foster care, plaintiff experienced physical, emotional, verbal, and sexual abuse. In 2015, plaintiff requested a copy of her DHS file, but she did not receive it until September 2016. Within two years thereafter, but more than 10 years after the abuse had occurred, plaintiff

brought this action against defendant. Plaintiff brought claims for negligence and a violation of Oregon's Vulnerable Person Act, ORS 124.105,[1] alleging that, on review of her file, she had learned that defendant had known about the abuse but had failed to take reasonable steps to protect her from further abuse while she was in defendant's custody and care.

Defendant moved to dismiss plaintiff's claims, relying on ORS 30.265(6)(d). As a state agency, defendant is subject to suit under the Oregon Tort Claims Act (OTCA). The OTCA waives the immunity to which public bodies are otherwise entitled and makes "every public body * * * subject to civil action for its torts and those of its officers, employees and agents acting within the scope of their employment or duties." ORS 30.265(1). In doing so, the OTCA also provides limitations on tort actions against public bodies. ORS 30.265(1) makes actions under the OTCA "[s]ubject to the limitations of ORS 30.260 to 30.300."

In this case, the relevant limitation is that found in ORS 30.265(6)(d). That provision makes public bodies immune from liability for "[a]ny claim that is limited or barred by the provisions of any other statute, including but not limited to any statute of ultimate repose." ORS 30.265(6)(d).

In its motion to dismiss, defendant argued that ORS 30.265 made defendant immune from plaintiff's claims because those claims were barred by the provisions of another statute, ORS 12.115. That statute is a statute of ultimate repose that applies to all claims for negligent injury to person or property. It provides:

"(1)   In no event shall any action for negligent injury to person or property of another be commenced more than 10 years from the date of the act or omission complained of.

"(2)   Nothing in this section shall be construed to extend any period of limitation otherwise established by law, including but not limited to the limitations established by ORS 12.110."

---

[1] ORS 124.100 provides for, among other things, increased damages and attorney fees for prevailing plaintiffs who qualify as a "vulnerable person" under the statute and brings an action against those who commit physical or financial abuse against the person or those who permit another person to do so. ORS 124.105 lists specific conduct that qualifies as "physical abuse" as described in actions for increased damages under ORS 124.100.

ORS 12.115. That statute was "intended to provide an over-all maximum upper limit on the time within which a tort action could be brought, regardless of the date of discovery or of any other circumstances." *Josephs v. Burns & Bear*, 260 Or 493, 498, 491 P2d 203 (1971). Defendant contended that more than 10 years had passed since the date of plaintiff's alleged abuse and that plaintiff's claims were therefore barred under ORS 12.115, and that defendant was therefore entitled to immunity under ORS 30.265(6)(d).

Plaintiff responded that her claims were not barred by ORS 12.115 because they were claims based on conduct that constitutes child abuse. Plaintiff argued that ORS 12.117(1) exempts such claims from the statute of ultimate repose set out in ORS 12.115. ORS 12.117(1)[2] provides that:

> "Notwithstanding ORS 12.110, 12.115, or 12.160, an action based on conduct that constitutes child abuse or conduct knowingly allowing, permitting or encouraging child abuse that occurs while the person is under 18 years of age must be commenced before the person attains 40 years of age, or if the person has not discovered the causal connection between the injury and the child abuse, nor in the exercise of reasonable care should have discovered the causal connection between the injury and the child abuse, not more than five years from the date the person discovers or in the exercise of reasonable care should have discovered the causal connection between the child abuse and the injury, whichever period is longer."

Defendant did not contest plaintiff's characterization of her claims. Defendant did not argue that plaintiff's claims were not claims for "child abuse" and did not challenge plaintiff's argument that, had she brought her claims against a private entity, they would not have been barred. Instead, defendant took the position that, for public bodies, a different provision of the OTCA—ORS 30.275(9)—"supersedes" ORS 12.117, rendering it completely ineffective and immaterial to the analysis under ORS 30.265(6)(d).

ORS 30.275(9) requires that, with some exceptions, all actions arising from an act or omission of a public body

---

[2] ORS 12.117(2) defines "child abuse" as used in ORS 12.117(1). That definition includes intentional physical and mental injury, rape, sexual abuse, and sexual exploitation of a child.

be commenced within two years after the alleged loss or injury. It provides:

> "Except as provided in ORS 12.120, 12.135 and 659A.875, but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action, an action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be commenced within two years after the alleged loss or injury."

That two-year statute of limitations runs from the date that the plaintiff became aware or should have reasonably become aware of the injury. *See Dowers Farms v. Lake County*, 288 Or 669, 681, 607 P2d 1361 (1980) (construing *former* ORS 30.275(3) (1979)).[3]

In arguing defendant's motion to dismiss, the parties assumed that ORS 30.275(9) imposes a two-year statute of limitations that runs from the date of discovery, and, given the allegations in plaintiff's complaint about when she discovered her injuries, defendant did not contend that ORS 30.275(9) barred her claims.[4] Instead, defendant argued that, in addition to imposing a two-year limitations period, ORS 30.275(9) serves an additional function. Defendant asserted that, for claims against public bodies, ORS 30.275(9) "supersedes" or displaces statutes that provide a limitation on the commencement of actions and renders them ineffectual. In particular, defendant asserted that ORS 30.275(9) required that, in conducting its analysis under ORS 30.265(6)(d), the trial court should ignore ORS 12.117, the statute specifically applicable to child abuse claims, and instead look only to

---

[3] The prior version of the OTCA two-year limitation, *former* ORS 30.275(3) (1979), stated that: "No action shall be maintained *** unless the action is commenced within two years after the date of such accident or occurrence." In *Dowers*, this court interpreted the phrase "after the date of such accident or occurrence" to mean that the limitations period ran from the date that the plaintiff became aware or should have reasonably become aware of the injury. 288 Or at 678-81.

[4] Initially, defendant moved to dismiss plaintiff's claims on the ground that they were barred by the two-year statute of limitations under ORS 30.275(9). However, plaintiff amended her complaint to include allegations under *Dowers*, and defendant conceded that plaintiff's amended complaint included factual allegations sufficient to plead that her claims were timely under the two-year statute of limitations.

ORS 12.115 to determine whether plaintiff's claims were barred.

The trial court agreed with defendant and dismissed plaintiff's claims, and plaintiff appealed.

## II.   THE COURT OF APPEALS DECISION

The Court of Appeals reversed. *Sherman*, 303 Or App at 576. The court accepted the premise that ORS 30.275(9) "supersedes" all other "statutes of limitation" and decided that, to the extent that a statute is a statute of limitations, it must be ignored when determining whether a public body is immune from liability under ORS 30.265 (6)(d). *Id.* at 579-80. The court explained that the question before it reduced to whether all or part of ORS 12.117 is a statute of limitations. *Id.* at 580. The court then analyzed the text, context, and history of ORS 12.117(1) and rejected defendant's argument that ORS 12.117 is "in total" a statute of limitations. *Id.* at 582-85. The court explained that ORS 12.117 also exempts actions based on child abuse from ORS 12.115 and, thus, may be given effect. *Id.* at 582-83. The court concluded that plaintiff's claims were not barred by ORS 30.265(6)(d) and that the trial court had erred in granting defendant's motion to dismiss on that ground.[5] *Id.* at 586.

Defendant asked this court to accept review, and we did so to resolve the issue of statutory construction that it poses.

## III.   ANALYSIS

As noted, the OTCA waives the state's immunity and sets out limitations on actions brought against public bodies pursuant to that statute. ORS 30.265(1) (stating that actions under the OTCA are "[s]ubject to the limitations of

---

[5]  The Court of Appeals also rejected defendant's argument that, in *Doe*, this court impliedly held that ORS 12.117 does not apply to claims against public bodies. *Sherman*, 303 Or App at 586. The Court of Appeals concluded that this court's description of ORS 12.117 as "a statute of limitations for child abuse claims brought against private actors" was "not central to the holding of that case," and, moreover, that the court had "merely acknowledged that the extended limitation period applies in cases against private actors, whereas a two-year discovery rule applies in cases against public actors." *Id.* (internal quotations omitted). Defendant does not rely on *Doe* in this court.

ORS 30.260 to 30.300"). Defendant moved to dismiss plaintiff's claims pursuant to one such limitation, ORS 30.265 (6)(d), and the question before this court is whether, under that statute, defendant is "immune from liability" because plaintiff's claims are barred by "the provisions of any other statute, including but not limited to any statute of ultimate repose." Defendant contends that the "other statute" that bars plaintiff's claims is ORS 12.115—a 10-year statute of ultimate repose. Defendant acknowledges that that statute would not bar plaintiff's child abuse claims had she asserted them against a private entity. Defendant recognizes that ORS 12.117 provides an exception to ORS 12.115 for claims of child abuse. Defendant argues, however, that ORS 12.117 does not provide such an exception for claims against a public body. Defendant's argument is two-fold.

First, defendant contends, another provision of the OTCA—ORS 30.275(9)—supersedes and displaces ORS 12.117(1) in its entirety. Defendant asserts that, for claims against public bodies, ORS 30.275(9) requires that courts ignore ORS 12.117—the statute specifically applicable to child abuse claims—and instead look only to ORS 12.115 to determine whether such claims are barred. Second, defendant contends, the legislature did not intend that the exception provided by ORS 12.117 apply to claims against public bodies.

A. *For claims against public bodies, ORS 30.275(9) provides a uniform two-year statute of limitations; it does not render ORS 12.117 completely ineffective.*

Defendant's first argument requires that we construe ORS 30.275(9). We begin by noting two aspects of that provision that are not in dispute: (1) ORS 30.275(9) establishes a uniform two-year statute of limitations that applies to all claims brought under the OTCA; and (2) that two-year limitations period applies in lieu of, trumps, or is superimposed upon, any other statute that provides a different limitations period. *See Bell v. Tri-Met*, 353 Or 535, 541, 301 P3d 901 (2013) (noting that two-year limitations period applies in lieu of three-year limitations period). The question before us is whether ORS 30.275(9) also serves an additional function; that is, whether it completely displaces other statutes that

provide limitations on the commencement of actions, rendering them of no effect in an analysis under ORS 30.265(6)(d). In particular, the question before us is whether ORS 30.275(9) makes ORS 12.117 a nullity, such that we must ignore it in our application of ORS 30.265(6)(d) and, instead, give effect to ORS 12.115. For the reasons that follow, we conclude that ORS 30.275(9) does not sweep as broadly as defendant contends.

First, we look, as we are required to do, to the text of ORS 30.275(9). *See State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009) ("The first step [in statutory construction] remains an examination of text and context."). As noted, the text of ORS 30.275(9) provides, with some exceptions, that, "notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action," an action within the scope of the OTCA against a public entity "shall be commenced within two years after the alleged loss or injury." Thus, ORS 30.275(9) provides that, notwithstanding the provisions of other statutes that provide a limitation on the commencement of an action, the two-year limitations period of ORS 30.275(9) *applies* in actions against public bodies. By its text, ORS 30.275(9) does not indicate a legislative intent to do more than make the two-year statute of limitations applicable in claims against public bodies; it does not purport to supersede, displace, or invalidate other statutes or render them ineffectual.

*Baker v. City of Lakeside*, 343 Or 70, 164 P3d 259 (2007), and *Bell*, two cases cited by defendant, are not inconsistent with that conclusion. In both cases, this court recognized that the *two-year statute of limitations* period set out in ORS 30.275(9) *applied* to the plaintiff's tort actions against public bodies. In *Baker*, there was no question that the two-year statute of limitations applied; the question was whether ORS 30.275(9) also denied the plaintiff the benefit of ORS 12.020(2), which provides that a plaintiff commences an action on the date that he or she files the complaint, so long as the plaintiff also serves the summons on the defendant within 60 days. *Baker*, 343 Or at 72. After examining the text, context, and history of ORS 30.275(9), we concluded that it did not. *Id.* at 77-83. We explained that, in enacting

ORS 30.275(9), the legislature intended to establish a uniform limitations period that would apply in lieu of other provisions that provide a limitation on the commencement of an action. *Id.* at 83. We determined that ORS 12.020 was not such a provision and that the plaintiff's claim was timely. *Id.*

In *Bell*, the question was whether the plaintiff's survival action against a public body was subject to the two-year statute of limitations set out in ORS 30.275(9), or whether the plaintiff had three years to bring the action under a statute outside the OTCA, ORS 30.075(1). 353 Or at 537. We held that ORS 30.075(1) was a "statute providing a limitation on the commencement of an action" that had to yield to the two-year statute of limitations provided by ORS 30.275(9).[6] *Id.* (internal quotations omitted). To the extent that defendant argues that *Baker* and *Bell* held that ORS 30.275(9) does more than provide a uniform two-year statute of limitations for claims against public bodies, defendant overreads those cases.

Second, we look, for context, to another OTCA limitation on claims against public bodies—ORS 30.265(6)(d). That statute indicates that the legislature intended to give effect to statutes outside the OTCA, not to negate them. ORS 30.265(6)(d) provides that a public body is "immune from liability" for "[a]ny claim that is limited or barred by the provisions of any other statute, including but not limited to any statute of ultimate repose." Simply put, ORS 30.265(6)(d)

---

[6] Defendant contends that, in *Bell*, this court held that ORS 30.275(9) "supersedes" statutes that are statutes of limitations, which, according to defendant, are different than statutes of ultimate repose. Since, according to defendant, ORS 12.117 is a statute of limitations, it is superseded by ORS 30.275(9), but, because ORS 12.115 is a statute of ultimate repose, it is not superseded by ORS 30.275(9).

The problem with defendant's argument is that the text of ORS 30.275(9) does not provide that it "supersedes" any other statute. It provides that, "notwithstanding" statutes "providing a limitation on the commencement of an action," claims brought under the OTCA are subject to a two-year statute of limitations. Defendant does not explain why a statute of ultimate repose would not be a "limitation on the commencement of an action," and *Bell* did not distinguish between statutes of limitation and other limits on the commencement of actions. In *Bell*, no statute of ultimate repose was at issue. Instead, this court was tasked with determining whether the two-year limitation in ORS 30.275(9) applied to a survival action brought under ORS 30.075. *Bell*, 353 Or at 541.

provides public bodies with immunity for claims that are barred by the provisions of other statutes, including those outside the OTCA. Thus, rather than indicating an intent to *displace* statutes outside the OTCA, ORS 30.265(6)(d) indicates an intent to *give effect* to such statutes. The following legislative history confirms that contextual clue.

In *O'Brien v. State of Oregon*, 104 Or App 1, 799 P2d 171 (1990), *rev dismissed*, 312 Or 672, 826 P2d 633 (1992), the Court of Appeals considered whether the plaintiff's medical malpractice claim against OHSU, a public body, was barred under ORS 30.275(9), then numbered as ORS 30.275(8). *O'Brien*, 104 Or App at 3-4. The trial court had dismissed the plaintiff's complaint on the ground that ORS 12.110(4), which provided a five-year statute of ultimate repose for medical malpractice claims, barred her claim. *Id.* at 3. The *O'Brien* court reversed. *Id.* At that time, *former* ORS 30.265(3)(d) (1989) provided that public bodies were immune from liability for "[a]ny claim which is limited or barred by the provisions of any other statute." But, in *O'Brien*, instead of following ORS 30.265(3)(d) and giving effect to ORS 12.110(4), the court concluded that the only limitation on the commencement of actions applicable to the plaintiff's claim against a public body was that set out in ORS 30.275(9), then *numbered as* ORS 30.275(8), the two-year statute of limitations. *O'Brien*, 104 Or App at 7-8. In other words, the court effectively held that ORS 30.275(9) displaced the five-year statute of ultimate repose, rendering it a nullity. *See id.* at 8.

After the *O'Brien* decision, the legislature clarified its intent; it amended what was then ORS 30.265(3)(d), later *renumbered as* ORS 30.265(6)(d), to add the phrase, "including but not limited to any statute of ultimate repose."[7] Or Laws 1991, ch 861, § 1. Then-Deputy Attorney General Jack Landau testified in front of the House Judiciary Committee that the addition of that phrase was a "fairly technical proposal designed to cure a problem raised in a 1990 Court of Appeals case." Testimony, House Committee on Judiciary,

---

[7] This court had granted the defendant's petition for review of *O'Brien*, but, after the legislature amended the statute, we dismissed on that basis. 312 Or at 674-75 (per curiam).

HB 3520, May 13, 1991, Ex E (statement of Deputy Attorney General Jack Landau). He explained:

> "In 1981, the legislature enacted ORS 30.275(8), which was designed to make clear that *all* tort actions against the state were subject to a basic two-year statute of limitations. The Court of Appeals in *O'Brien v. State of Oregon*, however, recently interpreted this law to mean that \*\*\* statutes of ultimate repose do not apply. The end result is that ORS 30.275(8) no longer *limits* the liability of the state, it *extends* it.
>
> "Thus, as the court in fact held in *O'Brien*, a patient can sue a private physician only within five years of the injury. But the same patient has literally a lifetime to bring suit if it takes her or him that long to discover it. It makes no sense that non-government defendants are entitled to the protections of statutes of ultimate repose but the state is not. Our proposal would correct this error."

*Id.* (emphases in original).

That testimony is consistent with the text of both ORS 30.275(9) and ORS 30.265(6)(d). Together, ORS 30.275(9) and ORS 30.265(6)(d) provide the state with two different, additive benefits: ORS 30.275(9) provides a two-year statute of limitations, and ORS 30.265(6)(d) gives the state the benefit of any other statute that bars a plaintiff's claims. ORS 30.275(9) works in tandem with ORS 30.265(6)(d) to give effect to other statutes, not to render any other statute a nullity. We reject defendant's first argument that, in conducting an analysis under ORS 30.265(6)(d), we are compelled by ORS 30.275(9) to treat ORS 12.117 as a nullity, and we turn to defendant's second argument that the legislature did not intend ORS 12.117 to apply to claims against public bodies.

B.  *ORS 12.117 applies to all claims of child abuse.*

The starting point for our analysis of defendant's second argument is ORS 30.265(6)(d). Again, that statute provides that a public body is immune from claims that are "limited or barred by the provisions of any other statute, including but not limited to any statute of ultimate repose." Plaintiff's claims are for child abuse, and defendant accepts that, had plaintiff brought her claims against a private

entity, they would not be barred by the terms of any statute, including any statute of ultimate repose. ORS 12.117 places time limits on the commencement of claims for child abuse, but, as alleged, plaintiff's claims are timely when measured by its terms. Instead, defendant contends that the legislature did not intend that ORS 12.117 apply to claims for child abuse brought against public bodies.

We again start, as we must, with the text of the statute, and it is immediately clear that it is stated in general terms and applies, without limitation, to "*an action* based on conduct that constitutes child abuse or conduct knowingly allowing, permitting or encouraging child abuse that occurs while the person is under 18 years of age." ORS 12.117 (emphasis added). The legislature has specifically directed this court to refrain from adding wording to a statute, including limitations on its application, that the legislature did not include. *See* ORS 174.010 (explaining that in interpreting a statute, a judge must "declare what is, in terms or in substance, contained therein, [and] not to insert what has been omitted"); *see also State v. McNally*, 361 Or 314, 328, 392 P3d 721 (2017) ("It is axiomatic that this court does not insert words into a statute that the legislature chose not to include."). Perhaps in recognition of that obstacle, defendant leads with the novel proposition that we have adopted a "unique rule" in construing statutes that expose public bodies to tort liability and that, to construe such statutes as applicable to public bodies, we must find an "express waiver" of sovereign immunity.

We do not dispute that "[i]t is the settled rule in this state that neither the state itself, nor one of its counties * * * can be sued, unless upon *express permission* given by the legislative power in the form of a statute permitting the same." *Rapp v. Multnomah County*, 77 Or 607, 609-10, 152 P 243 (1915) (emphasis added). But we find that clear expression of waiver in the OTCA itself. As noted at the outset, the OTCA makes a public body liable for its tortious acts or omissions, subject only to the limitations set out in that act. ORS 30.265(1). One of those limitations is that found in ORS 30.265(6)(d). Under ORS 30.265(6)(d), a public body retains immunity against claims that are barred by the provisions

of other generally applicable statutes. ORS 30.265(6)(d) provides public bodies with the benefits provided by such statutes, but it does not negate the waiver of immunity set out in ORS 30.265(1) or require an additional express waiver whenever a statute exposes a public body to tort liability. This court has never held that express waiver of sovereign immunity in addition to the express waiver found in the OTCA is required.

The cases that defendant cites are not to the contrary. Defendant first cites *Newport Church of the Nazarene v. Hensley*, 335 Or 1, 17, 56 P3d 386 (2002), for the proposition that, absent an express statutory indication that the state had consented to pay the general rate of interest, the statute setting that rate of interest could not be applied to the state. The state then cites *Griffin v. Tri-Met*, 318 Or 500, 870 P2d 808 (1994), as adopting a similar proposition in interpreting a statute providing for an award of attorney fees and costs. In relying on those cases, defendant fails to point out that this court discussed both of those cases in *Young v. State of Oregon*, 346 Or 507, 514-16, 212 P3d 1258, 1262 (2009), and made clear that the question is not whether a particular statute includes an express indication that the state submitted to liability, but whether there is some statutory basis for concluding that the state has done so.

The relevant question in *Young* was whether a plaintiff who had obtained a judgment for overtime wages was entitled to post-judgment interest. *Id.* at 512. Citing *Newport Church* and the cases on which it relied, the state argued that the statute setting post-judgment interest did not expressly provide that it applied to the state and, therefore, the state was immune from liability for such interest. *Young*, 346 Or at 514. This court described its reasoning in *Newport Church* and earlier cases as "loath to imply consent to suit for claims that the state had not expressly recognized," but said that that reasoning did not "pose a barrier to a conclusion that, when the state has submitted to liability for a claim, it is responsible for attendant money awards." *Young*, 346 Or at 515. In *Young*, we concluded that the state had submitted to liability for failure to pay overtime claims and imposition of judgment and that it did not therefore matter that

the statute setting post-judgment interest did not expressly state that it applied to the state. *Id.* at 516-17.

In reaching that conclusion in *Young*, we relied on *Griffin*, and explained that, in that case, we had "assumed that, because the public body had waived its immunity from tort action, it also had waived its immunity from a consequential award of attorney fees and costs." *Young*, 346 Or at 514-15. And we noted that we had done so even though "[t]he statute that granted the plaintiff a right to attorney fees and costs *** did not apply expressly to the state or its instrumentalities." *Id.* at 515 (internal citation omitted).

Accordingly, defendant does not convince us that the legislature must act expressly to waive tort limits *on a particular type of claim*. The OTCA waives the state's immunity for the types of claims it describes—civil tort claims—subject to the limits the act provides. When a plaintiff brings a claim under the OTCA, no additional express waiver of immunity is required.

That leaves us to consider defendant's final argument that we should look not to the text of ORS 12.117, but to the legislative history of the 2009 amendments to that statute, to conclude that the legislature did not intend that that statute apply to child abuse claims against public bodies. *See* Audio Recording, House Committee on Judiciary, HB 2827, Mar 19, 2009, at 1:03:22 (testimony of Roger Martin) (noting that the bill "covers private schools, it does not cover public schools" because "those public agencies are covered by a different" statute), https://olis.leg.state.or.us (accessed July 21, 2021); Audio Recording, Senate Committee on Judiciary, HB 2827, May 28, 2009, at 1:49:27 (testimony of Erin Olson) (noting that "this body wouldn't even consider this law if it affected the statute of limitations for claims against governmental entities"). To the extent that defendant is arguing that the legislature understood that, despite the wording of ORS 12.117, the two-year statute of limitations in ORS 30.275(9) would apply to such claims, we agree. That understanding is consistent with the text of that statute. Thus, we agree with the dissent that the timeliness of a plaintiff's claim is governed by ORS 30.275(9) and that the

legislature intended that it would be. 368 Or at 425 (Garrett, J., dissenting).

That does not mean, however, that the legislative history of ORS 12.117 permits us to read into that statute an exception for public entities that its text does not include and that would give the state the benefit of a bar that is not available to nongovernmental defendants. In promoting that reading, defendant is urging a path that we cannot take. By its terms, ORS 12.117 applies, in lieu of ORS 12.115, without exception or limitation, to actions "based on conduct that constitutes child abuse," and we cannot read an exception for public entities or a limitation on the statute's application into that statute. *See Gaines*, 346 Or at 173 (stating that no weight can be given to legislative history that suggests or confirms that the legislature intended something different than what text clearly provides). In refusing to read an exception or limitation into that statute, we do not, as the dissent describes, "prefer" another plausible reading of the statute's text or fail to "pay particular attention to the legislature's own apparent understanding of the statute." 368 Or at 428 (Garrett, J., dissenting). Rather, we give effect to the legislature's explicit waiver of sovereign immunity in the OTCA, the express terms of that waiver, and the text of ORS 12.117. As explained, the OTCA waives the state's sovereign immunity, but provides two material protections—a provision of the OTCA that imposes a two-year statute of limitations—ORS 30.275(9)—and a provision of the OTCA that gives public entities the benefit of statutory protections provided outside the OTCA—ORS 30.265(6)(d).[8] That latter statute, the controlling statute on which defendant must rely for its motion to dismiss, provides public bodies with protections outside the OTCA that are *equivalent to* those

---

[8] Of course, if a plaintiff's claims are barred by another provision of the OTCA, such as the provisions requiring that a plaintiff give proper notice of the claims under ORS 30.275(1)-(8), then, under the plain text of ORS 30.265(6)(d), the plaintiff's claims would be barred by the "provisions of" another statute under ORS 30.265(6)(d). In such an instance, then, a plaintiff's claim would be barred by both the applicable notice provision and ORS 30.265(6)(d). In this case, however, defendant does not allege that plaintiff's claims are barred by any provision of the OTCA other than ORS 30.265(6)(d), so defendant must rely on statutes that apply to private actors, residing outside the OTCA, to establish that plaintiff's claims are barred.

that are *applicable to* nongovernmental entities; it does not provide the state with *greater* or *inapplicable* protections. We reject defendant's argument that the legislature's silence and the legislative history of ORS 12.117 compel us to extend greater protections to defendant than ORS 30.275(9) and ORS 30.265(6)(d) provide. *See, e.g., Wyers v. American Medical Response Northwest, Inc.,* 360 Or 211, 226-27, 377 P3d 570 (2016) (rejecting the argument that, based on implications of a new legal requirement, "one might expect some discussion" by legislators and explaining drawbacks of that type of argument). We conclude that the trial court erred in dismissing plaintiff's child abuse claims.

## IV.  CONCLUSION

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

**GARRETT, J.,** dissenting.

Because it was commenced more than 10 years after the alleged conduct of which she complains, plaintiff's action against the state is barred by ORS 12.115, a statute of ultimate repose that applies to injury claims—unless ORS 12.117(1) changes things. The latter statute creates an exception to ORS 12.115 for claims alleging child abuse, but the question is whether that exception applies in claims against public bodies under the Oregon Tort Claims Act (OTCA). The majority concludes that it does apply. I respectfully disagree.

ORS 12.117(1) sets out a special statute of limitations for tort claims alleging child abuse:

"Notwithstanding ORS 12.110, 12.115 or 12.160, an action based on conduct that constitutes child abuse or conduct knowingly allowing, permitting or encouraging child abuse that occurs while the person is under 18 years of age must be commenced before the person attains 40 years of age, or if the person has not discovered the causal connection between the injury and the child abuse, nor in the exercise of reasonable care should have discovered the causal connection between the injury and the child abuse,

not more than five years from the date the person discovers or in the exercise of reasonable care should have discovered the causal connection between the child abuse and the injury, whichever period is longer."

In short, the statute of limitations period for child abuse cases consists of the longer of (1) the 22 years after a person turns 18, but before he or she turns 40, or (2) the five years from the date the person discovers, or should have discovered, the causal connection between the child abuse and the injury. Because shorter time limits would normally be imposed by ORS 12.110 and ORS 12.115, the "notwithstanding" clause exists in ORS 12.117(1) to make clear that those other statutes must give way in these cases.

As a statute of limitations, however, ORS 12.117(1) does not apply to claims against public bodies; instead, ORS 30.275(9) does. As the majority observes, the latter provision "establishes a uniform two-year statute of limitations that applies to all claims brought under the OTCA," and it controls over any statute providing for a different limitations period. 368 Or at 410. As we put it in *Bell v. Tri-Met*, 353 Or 535, 548, 301 P3d 901 (2013), other statutes of limitations are "superseded by the two-year limitation period for the commencement of a tort action against a public body under ORS 30.275(9)." *See also Baker v. City of Lakeside*, 343 Or 70, 83, 164 P3d 259 (2007) (ORS 30.275(9) "does not bar application" of other statutes that are not "limitation[s] on the commencement of an action").

The majority agrees that the relevant statute of limitations in this OTCA case is found in ORS 30.275(9), not ORS 12.117(1). However, on the majority's view, even though *most* of the text of ORS 12.117(1) cannot be applied here, the first phrase can be—the "notwithstanding" clause, which creates an exception to ORS 12.115. The majority proceeds in the following analytical steps: (1) the state relies on the statute of repose in ORS 12.115; (2) ORS 12.117(1) creates an exception to ORS 12.115 for claims alleging child abuse; (3) ORS 12.117(1) does not expressly limit that exception to private actors; therefore, (4) ORS 12.115 does not apply to any claim alleging child abuse, including claims against public bodies.

In short, the majority concludes, the single sentence in ORS 12.117(1) partially applies in this case and partially does not. ORS 12.117(1) creates a statute of limitations (which does not apply) but *also* creates an exception to a statute of repose (which does apply).

A different reading is possible and more natural. On that reading, ORS 12.117(1) does not do two different things, it does a single thing: it establishes a special statute of limitations for claims alleging child abuse. The "notwithstanding" clause does not have an independent purpose; it exists simply to clarify that other statutes, including ORS 12.115, give way to the extent necessary to effectuate the remainder of the statutory text. *See, e.g.*, *O'Mara v. Douglas County*, 318 Or 72, 76, 862 P2d 499 (1993) ("The function of a 'notwithstanding' clause in the statute is to except the remainder of the sentence containing the clause from other provisions of a law that is referenced in that particular notwithstanding clause."). Thus, the exception to ORS 12.115 is part and parcel of a unique limitations period created by the statute—a limitations period that does not apply to OTCA claims.

In construing statutes, this court's objective is to give effect to the intent of the legislature. ORS 174.020(1)(a) ("In the construction of a statute, a court shall pursue the intention of the legislature if possible."). We discern that intent by analyzing statutory text, context, and legislative history, and by applying certain canons of construction. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). The question, therefore, is how the legislature has intended that ORS 12.117(1) should be understood and applied: either (1) as a provision that does two independent things, one of which is superseded by ORS 30.275(9) and one of which is not; or (2) as a provision that does a single thing, superseded in its entirety by ORS 30.275(9). The legislature's actions for more than three decades tell us that the latter construction is the correct one.

As originally enacted in 1989, ORS 12.117(1) provided:

"Notwithstanding ORS 12.110, 12.115 or 12.160, an action based on child abuse or conduct knowingly allowing,

permitting or encouraging child abuse accruing while the person who is entitled to bring the action is within 18 years of age shall be commenced not more than five years after that person attains 18 years of age."

ORS 12.117(1) (1989).[1] In short, a person was allowed up until their 23rd birthday to sue for conduct occurring while the person was under 18. The "notwithstanding" clause was part of the statute from its original enactment. Thus, from the beginning, the legislature emphasized that the limitations period for child abuse claims would be longer than what ORS 12.115 would otherwise allow.

When it enacted ORS 12.117(1) in 1989, the legislature did so against the backdrop of the OTCA, which provided:

"Except as provided in ORS 12.120 and 12.135, but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action, an action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be commenced within two years after the alleged loss or injury."

*Former* ORS 30.275(8) (1989), *renumbered as* ORS 30.275(9) (2001). The enactment of ORS 12.117(1) provided a time limit for bringing child abuse claims that was plainly inconsistent with the two-year limit in *former* ORS 30.275(8) (1989). Although the legislative history regarding the adoption of ORS 12.117(1) does not contain any discussion of whether it would apply to public bodies, the Legislative Fiscal Office estimated that the new statute would have "no impact" on state and local governments, which is consistent with the understanding that claims against those bodies were governed instead by *former* ORS 30.275(8) (1989). Fiscal Impact Assessment, HB 2668, A-eng, June 9, 1989 (capitalization omitted); Fiscal Impact Assessment, HB 2668, Apr 21, 1989 (capitalization omitted); *see, e.g.,*

---

[1] ORS 12.117 (1989), *amended by* Or Laws 1991, ch 386, § 4; Or Laws 1991, ch 932, § 1; Or Laws 1993, ch 18, § 5; Or Laws 1993, ch 296, § 1; Or Laws 1993, ch 622, § 2; Or Laws 2009, ch 879, § 1; Or Laws 2011, ch 151, § 4; Or Laws 2015, ch 98, § 2.

*Emanuel Hospital v. Umatilla County*, 314 Or 393, 399, 840 P2d 56 (1992) (relying on legislative fiscal analysis to infer that legislature intended to create substantive liability in amending *former* ORS 30.795 (1985), *repealed by* Or Laws 1993, ch 196, § 12).

The legislature amended ORS 12.117(1) in 1991. Whereas the 1989 statute had required claims to be brought within five years of a plaintiff's 18th birthday, the 1991 amendments changed that to six years. The legislature also added a discovery rule, but with an outer limit. The revised statute provided:

> "Notwithstanding ORS 12.110, 12.115 or 12.160, an action based on conduct that constitutes child abuse or conduct knowingly allowing, permitting or encouraging child abuse accruing while the person who is entitled to bring the action is under 18 years of age shall be commenced not more than six years after that person attains 18 years of age, or if the injured person has not discovered the injury or the causal connection between the injury and the child abuse, nor in the exercise of reasonable care should have discovered the injury or the causal connection between the injury and the child abuse, not more than three years from the date the injured person discovers or in the exercise of reasonable care should have discovered the injury or causal connection between the child abuse and the injury, whichever period is longer. However, in no event may an action based on conduct that constitutes child abuse or conduct knowingly allowing, permitting or encouraging child abuse accruing while the person who is entitled to bring the action is within 18 years of age be commenced after that person attains 40 years of age."

ORS 12.117(1) (1991). Thus, the 1991 version of the statute was the first to give plaintiffs the benefit of a discovery rule, but it required plaintiffs alleging abuse that occurred while they were children to, in all events, bring suit before age 40. The three-year discovery rule was, again, inconsistent with the rule for OTCA claims, which allows two years from the discovery of the claim. *See Dowers Farms v. Lake County*, 288 Or 669, 681, 607 P2d 1361 (1980) (construing *former* ORS 30.275(3) (1979)). The Legislative Fiscal Office again estimated "no fiscal impact" to state and local governments

resulting from the addition of a longer discovery rule to ORS 12.117(1). Fiscal Impact Assessment, HB 2668, B-eng, June 6, 1991 (capitalization omitted); Fiscal Impact Assessment, HB 2668, A-eng, Mar 20, 1991 (capitalization omitted).[2]

Two years later, the 1993 legislature amended ORS 12.117(1) to remove what had just been added in 1991: the prohibition on bringing suit after turning 40. Or Laws 1993, ch 296, § 1. As a result of the 1993 change, plaintiffs had until their 24th birthday or three years after discovery of the claim, whichever period was longer. *Id.* Significantly, the deletion of the bar on actions after age 40, with the resulting possibility that claims could, for the first time, be brought many decades after the underlying abuse was alleged to have occurred, was once again estimated to have "no impact" on state and local governments, except for the judicial branch (for case-processing costs, not damages). Fiscal Analysis of Proposed Legislation, SB 234, Feb 23, 1993; Revenue Impact Analysis, SB 234, Jan 21, 93 (capitalization omitted).

Thus, the legislature's actions in 1989, 1991, and 1993 are all consistent with the view that abuse claims

---

[2] Another development in the same 1991 session is worthy of note. Less than a year earlier, the Court of Appeals had held that the five-year statute of repose for medical malpractice claims, ORS 12.110(4), did not apply to claims against public bodies. *O'Brien v. State of Oregon*, 104 Or App 1, 5, 799 P2d 171 (1990), *rev dismissed*, 312 Or 672 (1992). In response, the legislature amended *former* ORS 30.265(3)(d) (1991), *renumbered as* ORS 30.265(6)(d) (2011), to add the phrase, "including but not limited to any statute of ultimate repose," making it clear that state and local governments were protected by such statutes. Or Laws 1991, ch 861, § 1.

Thus, in the same 1991 session, the legislature: (1) amended ORS 12.117(1) to give plaintiffs until age 40 to bring claims for abuse alleged to have occurred when they were under 18, and (2) amended ORS 30.265 to ensure that public bodies were protected by statutes of ultimate repose that allowed much *less* time than that to bring claims. The Senate Judiciary Committee approved both changes in the span of less than three weeks in June 1991. Depending on which statute applied to abuse claims *against the state*, a plaintiff would potentially have either until their 40th birthday to bring suit (ORS 12.117(1)), or many years less (ORS 12.115). Yet that seemingly important question appears not to have been discussed. It is possible that the same committee that considered both concepts within a short time period never considered which statute would apply. Another explanation for the silence, however, is that the committee took it for granted that amendments to ORS 12.117(1) did not bear on claims against state and local governments. That explanation is consistent with the Legislative Fiscal Office estimate of "no fiscal impact" to government bodies from the change to ORS 12.117(1).

against public bodies are subject to the 10-year statute of repose in ORS 12.115, and that the exception to that statute found in ORS 12.117(1) is irrelevant to such claims. Admittedly, the legislature did not make that understanding explicit, other than through fiscal analyses that uniformly presumed that the lengthening of time for plaintiffs to sue under ORS 12.117(1) would not increase the risk exposure for state or local governments.

Further evidence is found in the 2009 session, when the legislature made changes to ORS 12.117(1) for the first time since 1993. House Bill (HB) 2827 (2009) removed the requirement that plaintiffs who are aware of their claims while under 18 bring suit by age 24, instead allowing such plaintiffs until age 40. Or Laws 2009, ch 879, § 1. For plaintiffs without knowledge of their claims, the discovery rule period was extended from three to five years. *Id.*

The evidence demonstrates that the 2009 legislature understood that it was passing a bill to enlarge "the statute of limitations" in child abuse cases. A staff measure summary accompanying HB 2827 (2009) described the bill as follows:

> "*Extends the statute of limitations* for an action based on child abuse. Provides that an action must commence before the victim reaches age 40 or within five years from the date the victim discovers the causal connection between the injury and the abuse, whichever is longer."

Staff Measure Summary, House Committee on Judiciary, HB 2827, Mar 19, 2009 (emphasis added).

The 2009 legislature would have been aware of this court's decision in *Baker*, two years earlier. From that case, it would have understood that, for negligence claims against public bodies, a statute in ORS chapter 12 "providing a limitation on the commencement of an action" was "bar[red]" in application by ORS 30.275(9). *Baker*, 343 Or at 83. Thus, in considering a bill to amend ORS 12.117(1), to "[e]xtend[ ] the statute of limitations for an action based on child abuse," the legislature would naturally have understood that it was taking no action that would bear on claims against state or local governments.

It is not merely that the 2009 legislature "would" have understood that a change to ORS 12.117(1) would not affect the liability of public entities. By all appearances, the legislature had that understanding. A representative of the Oregon Catholic Conference, testifying in opposition to the bill, objected that the bill did not cover public schools or "the DHS situation." Audio Recording, House Committee on Judiciary, HB 2827, Mar 19, 2009, at 1:03:22 (testimony of Roger Martin, explaining that the bill "covers private schools, it does not cover public schools" and that "[t]his wouldn't cover the DHS situation * * * because those public agencies are covered" by a different statute), https://olis.leg. state.or.us (accessed July 20, 2021). Similarly, a representative of another religious organization expressed concern that the bill applied only to private defendants. Audio Recording, Senate Committee on Judiciary, HB 2827, May 28, 2009, at 1:46:23 (testimony of Robert Fowls), https://olis.leg.state. or.us (accessed July 20, 2021). Following Fowls's testimony, a *proponent* of the bill explained:

> "There's no downside to this bill. You've heard * * * from the prior witness that the * * * religious organizations are going to try and point out that it affects private entities and not public ones, but so do our laws. We have a tort claims act for a reason. * * * [T]his body wouldn't even consider this law if it affected the statute of limitations for claims against governmental entities, so I would ask that you not get hung up on that. We've always treated the government differently."

*Id*. at 1:49:12 (testimony of Erin Olson). Another witness testified that the bill unfairly treated children in public schools differently than those in private schools:

> "Should not our goals be the same for all children? Yes, we do have a tort claims act that limits the time to sue a public entity, and thus we have treated public and private sectors somewhat differently. But HB 2827 widens that gulf by 22 years. When enacting public policy on child abuse, our goal should be to provide similar opportunities for all children, not to enhance the discriminatory effects of our existing laws. * * * House Bill 2827 does not protect the largest segment of the at-risk Oregon population, those children in public schools."

*Id*. at 2:14:08 (testimony of Margaret Hoffman).

Thus, it was clear to proponents and opponents alike that HB 2827 simply would not apply to public bodies. No one suggested otherwise. There were few comments by legislators themselves on the issue,[3] but none of the legislative history supports a different understanding. Rather, the testimony from both sides of the debate is notable for the clarity with which everyone agreed that public sector liability was simply not in play. The Legislative Fiscal Office also estimated the bill would have a "minimal expenditure impact" on state and local governments, similar to every past iteration of ORS 12.117(1). Fiscal Analysis of Proposed Legislation, HB 2827, June 18, 2009 (capitalization omitted); Fiscal Analysis of Proposed Legislation, HB 2827, Mar 17, 2009 (capitalization omitted).

The evolution of ORS 12.117(1) since 1989 tells a consistent story. Every bit of available evidence suggests that the legislature has never understood that statute, including its exception to the statute of repose, to have any application to claims under the OTCA. The legislature has plainly viewed that statute as a "statute of limitations," presumably seeing the "notwithstanding" clause as an inextricable part of the limitations period set out by the remainder of the text. It follows that this court should ascribe to the legislature the same understanding we articulated in *Baker* and *Bell*: that, as a statute of limitations, ORS 12.117(1) is "superseded" or "barred" as to OTCA claims by virtue of ORS 30.275(9).

The majority stops short of asserting that the legislature actually intended that ORS 12.117(1) apply to OTCA claims. The majority acknowledges the history pointing the other direction but concludes that it is bound by the text. The legislature included within ORS 12.117(1) an exception

---

[3] Comments and questions by members of the House and Senate Judiciary Committees indicate, however, that legislators shared the witnesses' understanding. In response to Mr. Martin's testimony before the House Committee, Representative Barton said that he would seek to address the disparity between private and public sector liability "in a subsequent bill." Audio Recording, House Committee on Judiciary, HB 2827, Mar 19, 2009, at 1:04:02 (statement of Rep Barton), https://olis.leg.state.or.us (accessed July 20, 2021). Later, Senator Whitsett asked a panel of opponents to the bill whether it would "include children in foster care," and Ms. Hoffman answered that it would not. Audio Recording, Senate Committee on Judiciary, HB 2827, May 28, 2009, at 2:22:01 (testimony of Margaret Hoffman), https://olis.leg.state.or.us (accessed July 20, 2021).

to the statute of repose in ORS 12.115, the majority reasons, and it did not specify that the *exception* would *not* apply to OTCA claims. But that "omission" has a logical explanation: If the legislature viewed ORS 12.117(1) as entirely inapplicable to OTCA claims, specifying that a particular clause was also inapplicable would have been redundant. The text does not resolve this case.

Other considerations, in my view, tip the balance in favor of the state's position. The majority's conclusion presumes that, for more than three decades, the legislature has subjected state and local governments to growing financial exposure as a result of the initial adoption of, and later changes to, ORS 12.117(1)—without once expressing the intention to do so, and despite the existence of fiscal impact statements anticipating no impact. This court does not assume a legislative intention to expand government liability. The state is subject to civil suit only to the extent that the state has consented to be subject to suit. *Rapp v. Multnomah County*, 77 Or 607, 609-10, 152 P 243 (1915) ("It is the settled rule in this state that neither the state itself, nor one of its counties *** can be sued, unless upon express permission given by the legislative power in the form of a statute permitting the same."). Citing that principle, we have reasoned that statutes should not lightly be interpreted to open the state to liability; we seek clear expressions of such intent. *Newport Church of Nazarene v. Hensley*, 335 Or 1, 17, 56 P3d 386 (2002) ("Only clear expression by the legislature waives the state's sovereign immunity.").

Those principles counsel restraint when we construe statutes that are capable of more than one reading.[4] ORS 12.117(1) can, textually, be read to exempt all claims alleging child abuse from ORS 12.115(1). But it can also, *contextually*, be read as a statute of limitations that has no application to claims governed by ORS 30.275(9). The majority prefers the first reading, but, where sovereign immunity is implicated, we should pay particular attention to the

---

[4] To be clear, I agree with the majority that the OTCA constitutes a waiver of the state's immunity, and the "clear expression" rule does not mean that every statute outside the OTCA that could be a source of government liability must also contain its own express waiver. The failure to make an express waiver of immunity within the text of ORS 12.117(1) does not itself decide this case, either.

legislature's own apparent understanding of the statute in the decades since its enactment. Legislative silence is often a weak indicator of intent, but not always. Where a potential legislative action would be significant enough that one would expect to see expressions of a corresponding intent, we have viewed the lack of such evidence as meaningful. *State v. Stout*, 362 Or 758, 774, 415 P3d 567 (2018) (rejecting a particular statutory construction in part because we would "expect to find some evidence of that intention" reflected in the legislative history). We have adopted that approach before when dealing with sovereign immunity, and I would do so here. *See, e.g.*, *Griffin v. Tri-Met*, 318 Or 500, 514, 870 P2d 808 (1994) ("Given the political struggle that always accompanies attempts to enlarge the financial exposure of governmental bodies, as exemplified in the legislative history to which we have referred, we are unwilling to attribute to the legislature an intent—never expressed anywhere—to waive the OTCA limits on this single form of wrong out of all the kinds of wrongs that could be committed by governmental bodies.").

I respectfully dissent.

Balmer and Duncan, JJ., join in this dissenting opinion.